**In re Orvil Lee and Margaret E. GIBSON.**

**Bankruptcy No. 91–16092S.**

United States Bankruptcy Court, W.D. Arkansas, Hot Springs Division.

Sept. 6, 1994.

48

R.J. Brown, Little Rock, AR, for creditors James K. and Marianne Bailey.

Edward Olgesby, Little Rock, AR, for debtors.

## ORDER

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the Motion to Reopen Case, filed on August 24, 1994, by creditors James K. and Mar-

ianne Bailey. Although the nature of the relief sought is unclear from the motion, the creditors apparently seek to reopen the case in order to modify the discharge injunction under section 524 of the Bankruptcy Code. Specifically, the creditors seek to pursue a state court cause of action against the debtors' automobile liability carrier. The creditors expressly state that they do not seek to impose any personal liability upon the debtors. The debtor, Orvil Lee Gibson, the target of the state court litigation, objects to the case being reopened and any alteration of the discharge injunction on the grounds that it would be costly for him to defend any action in the Arkansas state courts, even if he is only nominally named in the lawsuit.

Upon entry of the discharge of the debtor, the stay, imposed by section 362 of the Bankruptcy Code, is automatically dissolved as against the debtor. 11 U.S.C. § 362(c)(2)(C). The provisions of the automatic stay cease to apply, but the debtor is protected by the terms of the discharge injunction which provides:

(a) A discharge in a case under this title

(1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1228, or 1328 of this title, whether or not discharge of such debt is waived;

(2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived; and

(3) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect or recover from, or offset against, property of the debtor of the kind specified in section 541(a)(2) of this title that is acquired after the commencement of the case, on account of any allowable community claim, except a community claim that is excepted from discharge under section 523, 1228(a)(1), or 1328(a)(1) of this title, or that would

be so excepted, determined in accordance with the provisions of sections 523(c) and 523(d) of this title, in a case concerning the debtor's spouse commenced on the date of the filing of the petition in the case concerning the debtor, whether or not discharge of the debt based on such community claim is waived.

\* \* \* \* \* \*

(e) Except as provided in subsection (a)(3) of this section, discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt.

11 U.S.C. § 524(a), (e).

 While the discharge extinguishes *personal liability* of the debtor, the discharge does not, in fact, extinguish the actual debts. 11 U.S.C. §§ 727, 524(a), and (e). Discharge of the debtor does not eradicate *in rem* liability which may exist against assets, nor liability of third persons, including insurance companies. 11 U.S.C. § 524(e); *First Fidelity Bank v. McAteer*, 985 F.2d 114 (3d Cir.1993). Thus, a personal injury action is not extinguished by the debtor's discharge; only the debtor's personal liability for the debt is extinguished.

 It is well settled that the discharge injunction of 11 U.S.C. § 524(a)(2) does not bar suit against the debtor solely to determine liability in order to collect from debtor's insurer. *See generally Houston v. Edgeworth (In re Edgeworth)*, 993 F.2d 51 (5th Cir.1993); *Hendrix v. Page (In re Hendrix)*, 986 F.2d 195 (7th Cir.1993); *First Fidelity Bank v. McAteer*, 985 F.2d 114 (3d Cir.1993); *Green v. Welsh*, 956 F.2d 30 (2d Cir.1992); *In re Shondel*, 950 F.2d 1301 (7th Cir.1991); *International Business Machines v. Fernstrom Storage and Van Co. (In re Fernstrom Storage & Van Co.)*, 938 F.2d 731 (7th Cir. 1991), *aff'g* 100 B.R. 1017 (N.D.Ill.1989); *Walker v. Wilde (In re Walker)*, 927 F.2d 1138 (10th Cir.1991); *Landsing Diversified Properties–II v. First National Bank & Trust Co. of Tulsa (In re Western Real Estate Fund, Inc.)*, 922 F.2d 592, 601 n. 7 (10th Cir.1990) (per curiam), *opinion mod'd*, 932 F.2d 898 (10th Cir.1991); *In re Jet Florida Systems, Inc.*, 883 F.2d 970 (11th Cir.1989) (per curiam); *Patronite v. Beeney (In re Beeney)*, 142 B.R. 360 (9th Cir. BAP 1992); *Cooper v. Walker (In re Walker)*, 151 B.R. 1006 (Bankr.E.D.Ark.1993); *In re Greenway*, 126 B.R. 253 (Bankr.E.D.Tex.1991). Thus, it is permissible to continue prosecution against a debtor as a nominal defendant if such action is necessary to prove liability as a prerequisite to recovery from the liability insurer. Indeed, many state laws require that the debtor be a named party. *See Matter of Edgeworth*, 993 F.2d 51 (5th Cir.1993). Of course, no collection action may be taken against the debtor.

Although a review of the cases also reveals that relief from stay or relief from the discharge injunction of 11 U.S.C. § 524(a)(2) generally is the prudent course to follow and should generally be sought by the plaintiffs in these cases, *Hendrix v. Page (In re Hendrix)*, 986 F.2d 195 (7th Cir.1993), some courts have indicated that there is no need for a modification of the discharge injunction. *See, e.g., Green v. Welsh*, 956 F.2d 30 (2d Cir.1992) (since the discharge injunction did not bar tort claimant suit against debtor insofar as the action was confined to obtaining judgment to be paid by the insurer, it was not necessary to obtain modification of the discharge injunction from the bankruptcy court to continue the tort suit in state court).

 The debtor objects to any modification of the discharge injunction, arguing it will affect his fresh start if he has to travel from his current residence, appear at depositions, give testimony at trial, and/or bear any costs of the litigation. This is insufficient reason to prohibit a creditor from proceeding against a third party to recover on its cause of action. *Matter of Edgeworth*, 993 F.2d 51, 54 (5th Cir.1993); *In re Walker*, 927 F.2d 1138, 1144 (10th Cir.1991) (allowed the suit to go forward even though debtor would incur legal expenses); *In re Greenway*, 126 B.R. 253 (Bankr.E.D.Tex.1991) (Debtor's appearance in court would result in no significant financial burden affecting debtor's fresh start); *Granger v. Harris (In re Harris)*, 85 B.R. 858 (Bankr.D.Colo.1988); *In re Traylor*, 94 B.R. 292 (Bankr.E.D.N.Y.1989). The debtor, whether discharged or not, is under

the same obligations as would be any witness regardless of inconvenience, to attend any trial and testify. Of course, although the debtor may be named in the law suit, his continuation as a party in no manner affects the discharge of his personal liability.

██ **ORDERED** That the Motion to Re-open Case, filed on August 24, 1994, is denied as it does not present a justiciable issue for the Court. *Patronite v. Beeney* (*In re Beeney*), 142 B.R. 360 (9th Cir. BAP 1992) (it was unnecessary to reopen the case and modify the discharge injunction). The movants are not precluded from going forward against the debtors' liability carrier in state court, including retention of debtors as named defendants in the state court suit. It is

**FURTHER ORDERED** that the hearing set for October 18, 1994, is taken off the court's calendar.

**IT IS SO ORDERED.**