**In re Robert Lee CHRISTIAN and Connie Marie Christian, Debtors.**

**Bankruptcy No. 94–41520–172.**

United States Bankruptcy Court, E.D. Missouri, Eastern Division.

April 7, 1995.

David Keesee, St. Louis, MO, for debtors.

Patricia A. Zimmer, Wood River, IL, for movant.

### *ORDER*

JAMES J. BARTA, Bankruptcy Judge.

This Order addresses the motion of Kathryn Faulstich ("Movant") to reopen this closed Chapter 7 Bankruptcy case to permit modification of the injunctive provisions of the Order of Discharge.

This is a core proceeding pursuant to Section 157(b)(2)(A) and (O) of Title 28 of the United States Code. The Court has jurisdiction over the parties and this matter pursuant to 28 U.S.C. Sections 151, 157 and 1334, and Rule 29 of the Local Rules of the United States District Court for the Eastern District of Missouri.

In May, 1990 Kathryn Faulstich ("Movant") was injured as a result of the alleged negligence of Connie Marie Christian ("Debtor"). Prior to the commencement of this Bankruptcy case, Movant instituted a suit against the Debtor in the Circuit Court of Jefferson County, Missouri. The Debtor was served with summons in the Circuit Court action March 2, 1994. On March 17, 1994, the Debtor and her spouse filed a bankruptcy petition for relief under Chapter 7.

The Movant was listed on Schedule F of the Debtors' Schedules as a creditor due to an "uninsured accident." However, the Movant has alleged that, in her Answers to Interrogatories the Debtor stated that she may in fact have been covered by a policy of automobile liability insurance issued by a solvent insurance company.

Prior to the entry of the Order of Discharge, the Movant had not requested relief from the Automatic Stay to continue the state court action.

On June 29, 1994, the Bankruptcy Court entered an Order of Discharge that enjoined all creditors from continuing any action to collect any debt as a personal liability of the Debtor and her co-Debtor spouse.

Notwithstanding this injunction, the Movant continued her state court action after notice of the entry of the Order of Discharge had been given to all creditors. After the Bankruptcy case was closed by an Order entered on June 29, 1994, Movant filed a motion to reopen the case and modify the injunction so that she might proceed against the insurance funds in the state court action.

In Missouri, "the obligation of the insurer to pay the injured plaintiff does not arise until the insured's obligation to pay has been finally determined by judgment against the insured." *Cotton v. Iowa Mutual Liability Insurance Co.*, 363 Mo. 400, 251 S.W.2d 246, 249 (1952). In order for Movant to proceed against the insurer, the obligation of the Debtor to pay must be determined by the state court. However, a discharge in bankruptcy "operates as an injunction against the commencement or continuation of an action ... to collect, recover or offset any such debt as a personal liability of the debtor ..." 11 U.S.C. § 524(a)(2).

The question then arises whether the Order of Discharge prohibits the Movant from proceeding against the Debtor to establish liability for the purpose of proceeding against the insurer. The "vast majority of cases in the bankruptcy courts that have considered this issue" allow the creditor to maintain the suit in order to establish the liability of the

debtor. *Green v. Welsh,* 956 F.2d 30, 33 (2nd Cir.1992).

> Except as provided in subsection (a)(3) of this section, discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt.

11 U.S.C. § 524(e).

■ The statutory language of section 524(a) voids judgments only for "the personal liability of the debtor" and "does not preclude the determination of the debtor's liability upon which the damages would be owed by another party, such as the debtor's liability insurer." *In re Jet Florida Systems, Inc.,* 883 F.2d 970, 973 (11th Cir.1989). In addition, section 524(e) states that, ".... discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt." 11 U.S.C. § 524(e). "Section 524(e) was intended for the benefit of the debtor but was not meant to affect the liability of third parties or to prevent establishing such liability through whatever means required." 3 R. Babitt, A. Herzog, R. Mabey, H. Novikoff, & M. Sheinfeld, *Collier on Bankruptcy* 524.0 at 524–16 (15th ed. 1987).

■ Therefore, the holder of a prepetition claim is not enjoined by 11 U.S.C. § 524 from commencing or continuing an action against a debtor, or a debtor and others, so long as the purpose of such an action is to obtain satisfaction of its claim from entities other than the debtor.

The circumstances described in this matter have illustrated a problem that may arise when a federal statute that is intended to provide uniform relief to all eligible persons, produces an unwelcome consequence when applied to a situation that is subject to state law requirements. If Section 524(e) bars the Movant from obtaining a personal judgment against the Debtor, state law will almost certainly prevent her from obtaining a judgment against the insurance company. This result is not consistent with the specifically defined injunctive relief of the bankruptcy discharge.

However, by recognizing this limited exclusion from the broad sweep of the discharge injunction, (1) an allegedly aggrieved party will be allowed to prosecute a claim against a non-debtor third-party; (2) a debtor will continue to be protected from the obligation to satisfy any personal liability that may result from the aggrieved party's actions; and (3) the insurance company will suffer no exposure greater than what it had agreed to in the insurance contract with a debtor. Any judgment against a debtor obtained in these circumstances is unenforceable against the Debtor by virtue of the Order of Discharge.

In order to give enforceability and life to Section 524(e) under the circumstances of this case, the bankruptcy injunction should not prevent this Movant from establishing the Debtor's liability so that the Movant may proceed against the insurance company.

**IT IS ORDERED** that the motion of Kathryn Faulstich to reopen this closed Chapter 7 case for the purpose of modifying the injunctive provisions of the Order of Discharge is **DENIED** as moot; and

That the Movant's request to modify the injunctive provisions of the Order of Discharge to permit prosecution of a non-bankruptcy action against the Debtor is **DENIED** as moot.