**In re Denise L. DOAR, Debtor.**

**Bankruptcy No. A98–70768ADK.**

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

May 5, 1999.

Gregory Z. Schroeder, Atlanta, GA, for debtor on Original Petition.

W. Bruce Barrickman & Julie M. Pomerantz, Barrickman, Allred & Young, LLC, Atlanta, GA, for Denise L. Doar & USAA on THIS Motion and Order.

D. Ruth Primm, Atlanta, GA, for Liliana & Louis Vega.

C. David Butler, U.S. Trustee's Office, Region 21, Atlanta, GA, U.S. Trustee.

### ORDER

ARMAND DAVID KAHN, Bankruptcy Judge.

This matter is before this Court on the Motion to Reopen Case filed by creditors, Louis E. and Liliana Vega. The Vegas seek to reopen the case to establish that the discharge injunction found in 11 U.S.C. § 524 does not bar them from proceeding in a state court action against the Debtor's liability insurance carrier for damages allegedly caused by the Debtor in a prepetition automobile accident involving the Vegas, including conducting discovery against the Debtor to establish the Debtor's liability which would be a prerequisite to establishing liability on the part of the Debtor's liability insurer. The Vegas have made it clear that they are not seeking a judgment of personal liability against the debtor.

The Debtor and its liability insurer, USAA, filed an objection to the Motion to Reopen Case stating that 11 U.S.C. § 524 prohibits the Vegas from proceeding against the Debtor's liability insurer and prohibits the Vegas from conducting discovery involving the Debtor in the state court action. The Debtor and USAA cite a Georgia state court case, *Redding v. Walker*, 225 Ga.App. 653, 485 S.E.2d 252 (1997). In that case, the Court of Appeals of Georgia affirmed the lower court's dismissal of a debtor from the suit on the basis that the debtor had received a discharge in bankruptcy. The plaintiffs had sought to retain the debtor as a nominal defendant so that they could establish liability of the debtor for purposes of proceeding against the debtor's liability insurer. The court held that the existence of the debtor's liability insurer did not preclude her dismissal from the case on the basis that her debt was discharged in bankruptcy. It is important to note that the court in *Redding* stated that the plaintiffs cited *no* authority for the proposition that "they as claimants are entitled to retain [the debtor] even nominally in the lawsuit so as to obligate her insurer with a judgment based on her contract of insurance for liability coverage." *Id.* at 656, 485 S.E.2d 252. The court relied on the language in the discharge order that enjoined all creditors whose debts are discharged by the order "from ... continuing any action ... to collect such debts as personal liabilities." *Id.*

■ This Court rejects the finding in *Redding* and respectfully submits that the state court misapplied the language of § 524 and the discharge order. Bankruptcy law is clear and nearly unanimous that § 524(e) does not prevent a creditor from maintaining a debtor, nominally, in a state court action for the purposes of establishing liability as a prerequisite to proceeding against a debtor's liability insurer. *See, In re Jet Florida Systems, Inc.*, 883 F.2d 970 (11th Cir.1989) (per curium); *Matter of Edgeworth*, 993 F.2d 51 (5th Cir.1993); *Hendrix v. Page*, 986 F.2d 195 (7th Cir. 1993); *Green v. Welsh*, 956 F.2d 30 (2nd Cir.1992); *In re Shondel*, 950 F.2d 1301 (7th Cir.1991); *In re Western Real Estate Fund, Inc.*, 922 F.2d 592 (10th Cir.1990) (per curium); *see also 4 Collier on Bankruptcy* ¶ 524.05 at pp. 524–38 to 524–39 (Lawrence P. King, ed., 15th ed. rev. 1998). In *Jet Florida Systems, supra,* a plaintiff in a defamation action filed a motion with the bankruptcy court to vacate the § 524 injunction to allow him to seek a judgment of liability against the debtor so that he could proceed against the debtor's liability insurer. The bankruptcy court denied the motion. The district court reversed and remanded. On appeal to the Eleventh Circuit, the Court affirmed the decision of the district court "on the basis of and for the reasons stated in the well-reasoned opinion rendered in this case in the district court...." The opinion of the district court was attached as an appendix to the Eleventh Circuit's decision. The district court noted that

the statutory language [of § 524], on its face, does not preclude the determination of the debtor's liability upon which the damages would be owed by another party, such as debtor's liability insurer. Moreover, section 524(e) permits a creditor to seek recovery from "any other entity" who may be liable on behalf of the debtor.

*Id.* at 973. The court quoted *Collier on Bankruptcy* for the proposition that a creditor may continue a suit against a debtor, nominally, for the purpose of establishing the liability another:

> [T]he provisions of 524(a) apply only with respect to the *personal liability* of the debtor. When it is necessary to commence or continue a suit against a debtor in order, for example, *to establish liability of another,* perhaps a surety, such suit would not be barred. Section 524(e) was intended for the benefit of the debtor but was not meant to affect the liability of third parties or *to prevent establishing such liability* through whatever means required.

*Id.* (citing 3 *Collier on Bankruptcy* ¶ 524.01 at 524–16 (15th ed. 1987) (emphasis added by court)). The court held that

> section 524(a) prohibits a plaintiff from proceeding against a debtor who has received a discharge of debt in order to recover from the bankruptcy estate. However, pursuant to section 524(e), a plaintiff may proceed against the debtor simply in order to establish liability as a prerequisite to recover from another, an insurer, who may be liable.

*Id.* at 976.

The Debtor and USAA attempt to distinguish *Jet Florida Systems* on the basis that the facts are "different because the creditor made at least some proof of claim

in the bankruptcy proceeding" and because "the case is a Florida case that does not consider Georgia state law." (Objection to Movant's Motion to Reopen Case, p. 5). The Debtor and USAA argue that Georgia law mandates that a discharge in bankruptcy is an absolute defense and bar from recovery. First, the Debtor and USAA's argument that the facts in *Jet Florida Systems* are "different" is specious. In *Jet Florida Systems,* the plaintiff in the state court action *had not* filed a proof of claim with respect to the claim that was being pursued in the state court action. The debtor in that case argued that "because [the plaintiff] failed to file any notice of claim in the earlier bankruptcy proceedings, he may not proceed with his defamation action." *Jet Florida Systems,* 883 F.2d at 973. The Court specifically rejected the debtor's argument, discussing several cases in which the courts permitted a suit to continue against a debtor to permit the plaintiff to recover against the debtor's insurer even though a claim had not been filed in the bankruptcy proceedings. *Id.* at 974–75 (citing, *inter alia, Wimmer v. Mann (In re Mann),* 58 B.R. 953, 956 (Bankr.W.D.Va.1986) (pending tort action could proceed in order to permit the plaintiff in that action to effect recovery against the insurance company where plaintiff had not filed a claim prior to the debtor's discharge); *In re McGraw,* 18 B.R. 140 (Bankr.W.D.Wis.1982) (suit could continue with the debtor as defendant for the limited purpose of determining liability against insurance company); *West v. White (In re White),* 73 B.R. 983, 985 (Bankr.D.Col. 1987) (suit could proceed against debtor, even though plaintiff had not filed a claim before the debtor's discharge, "to the extent that the lawsuit will affect only the assets and liability of the debtor's insurer, and not the debtor personally.")).[1]

---

1. The court rejects the Debtor's and USAA's argument with respect to the failure of the Vegas to file a proof of claim for two other reasons. First, the Debtor's case was a no asset, no distribution case. The Court, as in all no asset cases, sent a notice to all creditors specifically informing the creditors not to file a proof of claim. Consequently, no creditor was required to file a proof of claim in this case. Secondly, and more importantly, the filing or non-filing of a proof of claim even in an asset case would be completely irrelevant to the issue of whether a creditor may pursue a debtor's liability insurer after a discharge

■ Second, the Debtor and USAA cite *Redding, supra,* in support of their position that Georgia law requires a different result than *Jet Florida Systems.* The Debtor and USAA note that the *Redding* court relied on O.C.G.A. § 9–11–8(c) in reaching its holding and state that Georgia law "mandates that Discharge [sic] in bankruptcy is an absolute defense and bar from recovery." (Objection to Movant's Motion to Reopen Case, p. 5). This argument fails for several reasons. First, as discussed above, this Court rejects the analysis of the *Redding* court to the extent that it concludes that § 524 prevents the continuation of a suit against a debtor, nominally, in order to establish liability against the debtor's liability insurer. Second, O.C.G.A. § 9–11–8(c), cited by the *Redding* court and relied upon by the Debtor and USAA simply states that "[i]n a pleading to a preceding pleading, a party shall set forth affirmatively ... discharge in bankruptcy...." The Court agrees with the Debtor and USAA that this provision makes discharge in bankruptcy an affirmative defense under Georgia law and bars *recovery* from the defendant by the plaintiff, if properly pleaded. Here, however, the Vegas are not attempting to recover any damages from the Debtor personally. Thus, state law does not prevent the Vegas from maintaining the Debtor as a *nominal* defendant in state court for the purpose of establishing liability of the Debtor's liability insurer.

■ Lastly, the Debtor and USAA argue that "[t]he time required of [the Debtor] to build a defense, take depositions, and go to trial will directly effect her ability to earn and utilize the 'fresh start' she was supposed to have been given." This Court rejects this argument. The Debtor, whether she has received a discharge or not, is not relieved of the responsibility she has, as do all citizens, to testify at trial and/or participate in discov-ery as a witness. .*See, In re Gibson,* 172 B.R. 47 (Bankr.W.D.Ark.1994). In *Gibson,* the court held that a plaintiff could proceed against a debtor, nominally, in a state court action to prove liability of the debtor as a prerequisite to recovery from the debtor's liability insurer. *Id.* at 50. The debtor objected to any modification of the discharge injunction, arguing it would "affect his fresh start if he ha[d] to travel from his current residence, appear at depositions, give testimony at trial, and/or bear any costs of the litigation." *Id.* at 49. The court rejected this argument stating that it was "insufficient reason to prohibit a creditor from proceeding against a third party to recover on its cause of action." *Id.* (citing *Matter of Edgeworth,* 993 F.2d 51, 54 (5th Cir.1993); *In re Walker,* 927 F.2d 1138, 1144 (10th Cir.1991); *In re Greenway,* 126 B.R. 253 (Bankr.E.D.Tex. 1991); *Granger v. Harris (In re Harris),* 85 B.R. 858 (Bankr.D.Colo.1988); *In re Traylor,* 94 B.R. 292 (Bankr.E.D.N.Y. 1989)). The court noted, "The debtor, whether discharged or not, is under the same obligations as would be any witness regardless of inconvenience, to attend any trial and testify." *Id.* at 49–50. This Court agrees with the court in *Gibson* and with the cases cited therein and rejects the Debtor's argument that requiring her to participate in discovery in the state court litigation will impermissibly interfere with her "fresh start."

Thus, the Court holds that 11 U.S.C. § 524(a) does not prohibit the Vegas from pursuing their personal injury claim against USAA and retaining the Debtor as a nominal defendant in the state court action for the purposes of establishing the Debtor's liability in order to recover from USAA, the Debtor's liability insurer. The Court further holds that neither § 524(a) nor the important policy of granting the Debtor a fresh start exempts the Debtor

order has been entered in the debtor's bankruptcy case except to the extent that an ultimate judgment of liability against a debtor's liability insurer would have to be reduced to the extent that the creditor received a distribution on its claim in the bankruptcy case.

from her obligations as a witness to participate in discover in the state court action.

Although this Court does not believe that the reopening of the case is necessary in light of the court's finding that the actions contemplated by the Vegas are not barred by § 524 of the Bankruptcy Code, thereby obviating the need to "vacate" or "modify" the discharge injunction, see, In re Beeney, 142 B.R. 360, 363 (9th Cir. BAP 1992) ("[R]eopening the case is unnecessary because, as discussed above, an action naming a debtor solely to establish the debtor's liability in order to collect on an insurance policy is not barred by Bankruptcy Code § 524."); see also In re Gibson, 172 B.R. 47, 50 (Bankr.W.D.Ark.1994), out of an abundance of caution, the Court will order that the case be reopened for the purposes of considering the motion and the response thereto and of entering this Order. Accordingly,

**IT IS ORDERED** that the above-styled case be, and hereby is, **REOPENED.** The Clerk of this Court is hereby directed to close this case in the usual manner in the event that a timely appeal of this matter is not filed.

**IT IS FURTHER ORDERED** that the Movants, Louis E. and Liliana Vega, are not precluded from going forward against the Debtor nor her liability insurer, USAA, in state court, including the retention of the Debtor as a named defendant in the state court action; provided, however, that any judgment obtained against the Debtor shall not be collectible out of any property of the debtor and shall not be recorded.

**IT IS FURTHER ORDERED** that neither 11 U.S.C. § 524(a) nor the policy of granting the Debtor a fresh start exempts the Debtor from her obligations as a witness to participate in discovery and/or to testify as a witness at trial in the state court action.

The Clerk is hereby **directed** to serve a copy of this Order on the Debtor/Respondent, Attorney for Debtor/Respondent and for USAA, attorney for Movants, and the former Chapter 7 trustee.

**IT IS SO ORDERED.**