In re Manuel D. SLALI, Debtor.

Manuel D. Slali, Appellant,

v.

Arian Ruiz; and Steven J. Smith, in his capacity as the Director of the California Department of Industrial Relations, as the Administrator of the Uninsured Employers Fund, Appellees.

In re Steven W. Applegate, Debtor.

Steven W. Applegate, Appellant,

v.

Arian Ruiz; and Steven J. Smith, in his capacity as the Director of the California Department of Industrial Relations, as the Administrator of the Uninsured Employers Fund, Appellees.

Nos. CV 01–04061 RSWL, CV 01–05175 RSWL, CV 01–04062 RSWL, CV 01–05176 RSWL. Bankruptcy Nos. SV 98–17925 GM, SV 98–17924 GM.

United States District Court, C.D. California.

May 17, 2002.

Jeanne C. Wanlass, Rutter Hobbs & Davidoff, Los Angeles, CA, Manuel Slali, [Pro se], North Hollywood, CA, for Manuel Slali, appellant.

Gerald C. Benezra, Israel & Benezra, John A. Siqueiros, Christine L. Harwell, Department of Industrial Relations, Office of Director–Legal Unit, Los Angeles, CA, for Adrian Ruiz, Steven J. Smith, appellees.

## I. INTRODUCTION

LEW, District Judge.

This appeal arises from two chapter 7 cases, *In re Manuel D. Slali* and *In re Steven W. Applegate*, which have been consolidated for purposes of this appeal. Debtors Manuel Slali ("Slali") and Steven Applegate ("Applegate") appeal the Bankruptcy Court's decision to reopen their cases in order to modify the discharge injunction. The bankruptcy court modified the discharge injunction to allow a creditor, Adrian Ruiz ("Ruiz") to pursue his claim for worker's compensation benefits against Slali and Applegate before the Workers' Compensation Appeals Board ("WCAB"). Debtors argue that the bankruptcy court abused its discretion in granting the motions to reopen and the motions to grant relief from the automatic stay.

Debtors raise five issues on appeal: 1) whether Ruiz's claim for workers' compensation benefits has been discharged; 2) whether any claim of the Uninsured Employers Fund ("UEF") has been discharged; 3) whether Ruiz's motion was barred by the doctrine of laches; 4) whether the Bankruptcy Court erred in reopening the bankruptcy cases and allowing Ruiz to pursue his claim against the debtors before the WCAB; and 5) whether the bankruptcy court erred in modifying the discharge injunctions. This Court, however, finds that it can resolve the appeal by addressing only the last three issues.

This court has jurisdiction to hear appeals from final judgments, orders, and decrees entered by the Bankruptcy Court. 28 U.S.C. § 158(a)(1). After reviewing the record in this matter, together with the arguments set forth in the briefs, this Court **AFFIRMS** the Orders of the Bankruptcy Court.

## II. BACKGROUND

Appellants Slali and Applegate were the general partners of a partnership which owned St. Moritz Restaurant ("the Restaurant"). Appellee Adrian Ruiz alleges that he was employed by the Restau-

rant and suffered a work-related injury on November 11, 1995. On November 30, 1995, Ruiz filed an Application for Adjudication of Claim before the WCAB. Because the Restaurant was illegally uninsured for worker's compensation claims, the UEF was joined as a party defendant.[1]

The Restaurant filed for bankruptcy under Chapter 11 of the Bankruptcy Code on February 10, 1997 and Ruiz filed a proof of claim on March 27, 1997.[2] However, the Restaurant's bankruptcy petition was dismissed without a discharge. On June 5, 1998, both Slali and Applegate filed for bankruptcy under chapter 7. Both listed Ruiz and the UEF as creditors.[3] However, it does not appear that either Ruiz or the UEF filed a proof of claim in either bankruptcy case.

On August 26, 1998, Ruiz requested relief from the automatic stay in order to pursue his claim before the WCAB. The request was granted as to Applegate on September 3rd, but, for some reason, no order was entered as to Slali.

In both bankruptcies, the trustee reported that there were no assets to distribute and discharges were entered on September 17, 1998. It does not appear that either Ruiz or the UEF made any objections to discharge. The bankruptcy court then closed both cases. Applegate's case

was closed on September 25th and Slali's case was closed on December 31st.

On January 21, 2000, Ruiz petitioned for relief from the automatic stay in both bankruptcy cases in order to further pursue his claim against the debtors before the WCAB. Ruiz's motion clarified that he merely sought to establish the debtor's liability so that he could collect benefits from the UEF. However, Ruiz had not moved to reopen Appellants' cases, so the motion could not be heard. Accordingly, on June 13, 2000, Ruiz filed a motion to reopen the two cases. At a hearing on July 19, 2000, the bankruptcy court construed the motion for relief from stay as a motion to modify the discharge and granted all of Ruiz's motions.

The court entered an Order Granting Motion for Relief from the Automatic Stay in both bankruptcy cases on February 15, 2001. The Orders provided that: (1) Ruiz was allowed to proceed to an award against the debtors in his worker's compensation case; (2) no personal liability on behalf of the debtor to Ruiz would be created; (3) Ruiz would not be allowed to seek satisfaction of any award against the debtor absent further order of the bankruptcy court; (4) Ruiz's claim remained open and pending before the WCAB and had not been resolved or decided; (5)

1. The Uninsured Employers Fund, or UEF, pays benefits to workers who are injured while working for illegally uninsured employers. The state legislature created the UEF and funds it with appropriations from the General Fund. *See* Cal. Lab.Code 3716(a). If an illegally uninsured employer fails to comply with a WCAB order to pay benefits, the UEF must pay the award. *Id.*

2. Ruiz's proof of claim was not included in the record on appeal. Rather, Ruiz simply attached a copy of his proof of claim to his brief. Appellant correctly points out that this is not the proper procedure for submitting evidence for the court's consideration. How-

ever, the proof of claim is in the public record and this Court has been able to verify it by independent investigation. The Court will therefore take judicial notice of Ruiz's proof of claim submitted in the Restaurant's chapter 11 bankruptcy.

3. The UEF was a creditor because it would have had a right to reimbursement from the debtors if it paid worker's compensation benefits to Ruiz. *See* Cal. Labor Code § 3717(a). At the time of the bankruptcy, Ruiz had not liquidated his claim before the WCAB and the UEF had not paid any benefits, so the UEF's claim was at best contingent.

debtor's participation in the litigation before the WCAB would not be affected by the Order. However, neither Order included a provision that the cases would be reopened. To rectify this oversight, the bankruptcy court entered orders reopening both cases on April 5, 2001. This appeal followed.

## III. DISCUSSION

### A. Standard of Review

A District Court reviews a bankruptcy court's findings of fact for clear error and its conclusions of law de novo. Fed. R. Bankr.P. 8013; *In re Fowler*, 903 F.2d 694, 696 (9th cir.1990). A bankruptcy court may reopen a case for cause, 11 U.S.C. § 350(b), and may also modify an injunction it has entered whenever the principles of equity require it to do so, *Matter of Hendrix*, 986 F.2d 195, 198 (7th Cir.1993). Both decisions are reviewed for an abuse of discretion. *In re Watson*, 192 B.R. 739, 745 (9th Cir. BAP 1996)(decision to reopen); *In re Winterland*, 142 B.R. 289, 292 (C.D.Ill.1992)(decision to modify discharge injunction); *Hawxhurst v. Pettibone Corp.*, 40 F.3d 175, 182 (7th Cir.1994)(decision to modify discharge injunction). However, whether a state court suit is barred by the discharge injunction is a question of law and is reviewed de novo. *In re Beeney*, 142 B.R. 360, 362 (9th Cir. BAP 1992).

In order to obtain modification of the discharge injunction to allow litigation to proceed in another forum, the moving party must establish that (1) the debtor is a necessary party in the pending litigation and dismissal of the debtor will result in the moving party not being able to pursue its remedies against the non-debtors, (2) pursuit of the action with the debtor involved will not impose a financial hardship on the debtor that derogates the sweeping effect of the discharge; and (3) the parties agree that the modification is confined to establishing liability for damages and does not allow pursuit of a judgment against the discharged debtor. *In re Czuba*, 146 B.R. 225, 228–29 (Bkrtcy.D.Minn.1992); *see also In re Dorner*, 125 B.R. 198, 201–02 (Bkrtcy.N.D.Ohio 1991).

### B. Does the discharge injunction bar Ruiz's action before the Worker's Compensation Appeals Board?

Although Appellants do not raise this particular issue in their Statement of Issues For Appeal, this Court believes that it is necessary to discuss the issue in order to resolve whether the bankruptcy court erred in modifying the discharge injunctions. Arguably, if the injunctions did not bar Ruiz's action before the WCAB, then it was unnecessary to modify the injunctions and the bankruptcy court erred in doing so. At the same time, if Ruiz's action was not barred, then it could hardly derogate the sweeping effect of the discharge to allow it to go forward. Hence, this Court will address this issue before addressing the other issues raised by this appeal.

A discharge in bankruptcy operates as an injunction against "the commencement or continuance of any action ... to collect, recover or offset any [discharged] debt as a personal liability of the debtor." 11 U.S.C. § 524(a)(2). However, discharge of a debt "does not affect the liability of any other entity on, or the property of any other entity for, such debt." 11 U.S.C. § 524(e). It is well established that this provision permits a creditor to bring or continue an action directly against the debtor to establish the debtor's liability when establishing that liability is a prerequisite to recovery from another entity. *In re Walker*, 927 F.2d 1138, 1142 (10th Cir. 1991); *In re Gibson*, 172 B.R. 47, 49 (Bkrtcy.W.D.Ark.1994)(collecting cases).

Appellants point to this well-established rule and argue that the discharge injunction in their cases would not bar Ruiz's WCAB action so long as Ruiz is merely attempting to establish their liability as a prerequisite to recovering from the UEF. Therefore, they argue, it was not necessary to reopen their bankruptcy cases and modify the discharge injunction to allow Ruiz's claim to go forward. Appellants then contend that it was error for the bankruptcy court to grant the Ruiz's motions when there was no need to do so, citing *In re Beeney,* 142 B.R. at 364 (denying motion to reopen as unnecessary because the discharge injunction did not bar the movant from suing the debtor merely in order to collect from the debtor's insurer).

While this Court is inclined to agree that the discharge injunction does not bar Ruiz from litigating his claim before the WCAB, the Court does not agree that this was a reason to deny Ruiz's motions. First, most of the cases holding that the discharge injunction does not bar a suit against a debtor as a nominal defendant involved efforts by creditors to collect from the debtor's insurer. The UEF, however, is not an insurer. The parties do not cite, and this Court has not found, any precedent squarely on all fours with this case. Thus, there is at least room to argue that Ruiz is barred from pursuing his claim before the WCAB. Indeed, the WCAB apparently holds this view. Counsel for Ruiz has represented that the WCAB has refused to allow the claim to go forward due to the stay arising out of Appellants' bankruptcies. *See* ER p. 161; Appellee Ruiz's Opening Brief p. 3.

■ Second, even if it is not necessary to reopen the cases and modify the discharge injunctions, it would still be prudent to do so. If nothing else, the modification would serve as a clarification and

avoid a conflict between the WCAB and the bankruptcy court regarding the scope of the discharge injunction. Indeed, the court in *In re Gibson* commented that "relief from stay or relief from the discharge injunction of 11 U.S.C. § 524(a)(2) generally is the prudent course to follow and generally should be sought" by plaintiffs seeking to determine the liability of a discharged debtor in order to collect from the debtor's insurer. 172 B.R. at 49; *see also In re Doar,* 234 B.R. 203, 207 (Bkrtcy.N.D.Ga.1999)("Although this Court does not believe that the reopening of the case is necessary in light of the court's finding that the actions contemplated by the [movants] are not barred by § 524 of the Bankruptcy Code ... out of an abundance of caution, the Court will order that the case be reopened."). Thus, even though it may not have been necessary to reopen the cases and modify the discharge injunctions, it was not an abuse of discretion for the bankruptcy court to do so.

### C. Did the bankruptcy court abuse its discretion when it reopened appellants' bankruptcy cases and modified their discharges?

■ The Bankruptcy Court apparently concluded that it was advisable to modify the discharge injunction and that allowing Ruiz to liquidate his workers' compensation claim would not imperil Appellants fresh start. Although the court did not specifically apply the three part test set forth in *In re Czuba,* this Court will use that test to review the bankruptcy court's decision.

### 1) Are debtors necessary parties in the litigation before the WCAB?

In order to liquidate his claim for worker's compensation benefits, Ruiz must first obtain an award from the WCAB holding

his employer liable for his injuries. Thus, Appellants are necessary parties to the litigation before that body. Moreover, Ruiz cannot obtain benefits from the UEF until he has a valid award against his employer, makes a demand for payment, and the award remains unpaid for ten days. Cal. Lab.Code § 3716(a); *Symmar, Inc. v. W.C.A.B.*, 135 Cal.App.3d 65, 185 Cal.Rptr. 67, 71 (1982). Thus, if not allowed to establish Appellant's liability for his injuries, Ruiz has no way of obtaining benefits from the fund. *See Ortiz v. W.C.A.B.*, 4 Cal.App.4th 392, 5 Cal.Rptr.2d 484, 486 (1992). Nor will he be able to obtain benefits from any other source. Without a valid award, neither Appellants nor any other party has any obligation to compensate Ruiz for his injuries. Thus, if Ruiz cannot proceed against the debtors before the WCAB, he will have no remedy for whatever work-related injuries he has suffered.

## 2) Will the litigation before the WCAB impose a financial hardship on Appellants?

Appellants argue that allowing Ruiz to litigate his claim before the WCAB will impose financial hardship on them because they will end up being liable for the award despite their discharges. Initially, Appellants will be able to rely on their discharges to resist Ruiz's demand for payment of any award he receives from the WCAB. However, when Appellants refuse to pay, Ruiz will be able to collect his award from the UEF which will then have a right to reimbursement from Appellants. *See* Cal. Lab.Code § 3717(a). This claim for reimbursement would likely be exempt from discharge as an "excise tax" under 11 U.S.C. § 523(a)(1)(A). *See In re Camilli*, 94 F.3d 1330, 1331 (9th Cir.1996).

Thus, the UEF would be able to pursue Appellants' property acquired after the discharge in order to satisfy its claim. Appellants argue that this result would prejudice them and imperil their fresh start.

Appellants' argument is misdirected. The litigation before the WCAB will not impose a financial hardship on them because Ruiz cannot enforce the award against them. The bankruptcy court's order makes this much quite clear. Furthermore, Appellants do not argue that the expenses or burdens of defending the litigation before the WCAB would be significant. Thus, the litigation in itself does not impose a financial hardship on Appellants. If there is any financial hardship on Appellants, it will be because a later court holds that the law makes the UEF's claim for reimbursement nondischargeable.[4] Appellants, however, cannot object that the court should protect them from the hardship of paying a debt which the law makes nondischargeable.

The fact that Appellants have already received their discharges is not a legitimate objection either. Had Ruiz liquidated his claim before the bankruptcy court entered the discharges, he would still have had to turn to the UEF for payment because Appellants did not have any assets to satisfy an award. The UEF would then have had a nondischargeable claim for reimbursement and could have pursued it after the discharge with the same ultimate detriment to Appellant's fresh start. Thus, the impact on Appellant's fresh start is the same whether Ruiz liquidates his claim before or after the discharge and the fact that, in this case, Ruiz will liquidate his claim after the discharge creates no additional prejudice.

---

4. This Court is not holding that the UEF's claim is nondischargeable. Rather, the Court is simply pointing out that even if the claim is nondischargeable, there is no undue prejudice to Appellants from allowing Ruiz's claim to proceed before the WCAB.

Finally, were this Court to prevent Ruiz from liquidating his claim before the WCAB it would be forcing him to pay for Appellants' failure to carry workers' compensation insurance as they were legally obligated to do. Had Appellants been insured, Ruiz could have collected his award from the insurer, either before or after the discharge was entered, without affecting Appellants' fresh start in any way. Appellants' fresh start is at risk not because the bankruptcy court granted Ruiz's motion, but because Appellants were illegally uninsured for worker's compensation liability and the law does not allow them to use bankruptcy as a shield against the financial consequences of being uninsured. To deny Ruiz's motions would be inequitable as it would place the loss, if there is one, on the innocent injured worker while protecting Appellants from the consequences of their wrongful conduct.

### 3) Will the modification allow Ruiz to pursue a judgment against the discharged debtors?

The bankruptcy court's order clearly states that Ruiz is not to be allowed to seek satisfaction of any award against the debtor absent further order of the bankruptcy court. It is not Ruiz, but the UEF who will be pursuing a claim against the discharged debtors. However, as explained above, it would be inequitable to deny Ruiz's motions in order to prevent this result.

The bankruptcy court's ruling satisfies all three parts of the test enunciated in *In re Czuba* for modifying a discharge injunction to allow litigation to proceed in another forum. Accordingly, this Court concludes that it was not an abuse of discretion for the bankruptcy court to reopen Appellants's cases and modify the discharge injunctions. In reaching this conclusion, the court necessarily finds that the bankruptcy court did not err in reopening Appellants' cases, modifying the discharge injunction, or allowing Ruiz to pursue his claim against Appellants before the WCAB. Appellants' fourth and fifth issues on appeal are therefore resolved. As for the first and second issues on appeal, the order does not allow Ruiz to enforce an award directly against Appellants, nor does it authorize the UEF to collect from defendants.[5] Hence, it is irrelevant whether Ruiz or the UEF's claim against Appellants has been discharged. The only remaining issue, therefore, is the issue of laches.

### D. Was the Motion to Reopen Barred by Laches?

■■■■■ Appellants argue that Ruiz is guilty of laches in failing to prosecute his worker's compensation claim in a timely manner. Laches is an equitable doctrine to be applied at the discretion of the court so as to protect a party against whom a claim has been asserted from any prejudice which may result from the unreasonable delay of the party asserting the claim. *In re Beatty*, 01 C.D.O.S. 9823 (9th Cir. BAP 2001). Laches requires proof of (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense. *Costello v. United States*, 365 U.S. 265, 282, 81 S.Ct. 534, 5 L.Ed.2d 551 (1961). The decision whether to apply the defense is reviewed for an abuse of discretion.

---

5. The status and dischargeability of the UEF's claim are not properly before this Court since the UEF has not yet asserted any claim to reimbursement from Appellants. When the UEF does attempt to collect from Appellants, they may still raise their discharge as a defense. Nothing in this decision or in the bankruptcy court's order predetermines whether that defense will be successful.

*Hawxhurst v. Pettibone Corp.*, 40 F.3d 175, 181 (7th Cir.1994).

 In this case, it was not an abuse of discretion to reject the defense of laches. Admittedly, over six years have passed since Ruiz's alleged injury. However, it appears that Ruiz was trying to move his claim forward, albeit perhaps not as vigorously as he might have. Ruiz filed a timely application for adjudication of claim. Apparently, the claim was still pending when the Restaurant filed for bankruptcy in early 1997. Ruiz then filed a proof of claim in the bankruptcy to protect his rights. The Restaurant's bankruptcy case was dismissed and Slali and Applegate filed for bankruptcy approximately one year later. It is not clear whether Ruiz took any action in the interim. However, on August 26, 1998, he did move for relief from the automatic stay in the Slali an Applegate bankruptcies in order to pursue his claim. In his brief to this Court, Ruiz states that he had a hearing before the WCAB on December 2, 1998, but that his claim was ordered off calendar due to the automatic stay arising from Appellants' bankruptcies.[6] Then, in January of 2000, Ruiz again moved for relief from the stay to pursue his claim, but the motion was denied because the cases were closed. Thus, while there certainly were delays, Ruiz's repeated attempts to bring his worker's compensation claim to trial should have put Appellants' on notice that he had not abandoned his claim and that they might ultimately have to defend against it.

Appellants have also not shown that Ruiz's delay has caused them any substantial prejudice. Appellants argue that they took no action to investigate or defend the claim because they thought the action was not going forward. However, they have not shown that they cannot do so now. In addition, Appellants had notice of this injury and Mr. Ruiz's claim for benefits in 1995, approximately two and a half years before they declared bankruptcy. A prudent employer would have taken at least some action to investigate the claim immediately. If Appellants did not, then the resulting prejudice can hardly be attributed to Ruiz's delay. For all of these reasons, this Court concludes that it was not an abuse of discretion to refuse to apply laches to bar Ruiz's motions.

## IV. CONCLUSION

For all the foregoing reasons, this Court concludes that the Bankruptcy Court did not err in granting Ruiz's motions to re-open Slali and Applegate's bankruptcy cases and to grant relief from the automatic stay. Accordingly, the order of the bankruptcy court is **AFFIRMED**.

**IT IS SO ORDERED.**

---

6. The Court notes that Ruiz's evidence on this point is not in proper form. Rather than simply making an unsupported allegation in his brief, Ruiz should have submitted a sworn declaration or an authenticated exhibit to show that the hearing did occur and that it was resolved as he states. Nonetheless, the Court notes that, at the hearing before the bankruptcy court on July 19, 2000, debtor's counsel conceded to the court that the WCAB had stayed Mr. Ruiz's claim in December of 1998. The Court will therefore accept Ruiz's statement as true.