**In re Donald Michael PATTERSON, Debtor.**

**No. 01–33459.**

United States Bankruptcy Court, E.D. Tennessee.

Aug. 1, 2003.

Billy P. Sams, Esq., Oak Ridge, TN, for Kathleen Wiseman, George Wiseman, Janie Jones, and Cameron Jones.

Richard K. Evans, Esq., Kingston, TN, for Debtor.

Gentry, Tipton, Kizer & McLemore, P.C., Maurice K. Guinn, Esq., Knoxville, TN, Chapter 7 Trustee.

Richard F. Clippard, Esq., United States Trustee, Patricia C. Foster, Esq., Knoxville, TN, for United States Trustee.

## MEMORANDUM ON MOTION TO REOPEN BANKRUPTCY CASE

RICHARD STAIR, Jr., Bankruptcy Judge.

The Debtor filed the voluntary petition commencing this Chapter 7 bankruptcy case on July 13, 2001, and received a discharge of his debts on November 9, 2001. Correspondingly, on January 16, 2002, the court entered the Final Decree, discharging the Chapter 7 Trustee from his duties and closing the Debtor's bankruptcy case.

This matter is now before the court upon the Motion filed on July 18, 2003, by Kathleen and George Wiseman, Janie Jones, and Cameron Jones (collectively, Movants), asking the court to reopen this bankruptcy case pursuant to 11 U.S.C.A. § 350 (West 1993) and Federal Rule of Bankruptcy Procedure 5010, and to enter an order "modifying" the discharge injunction of 11 U.S.C.A. § 524(a)(2) (West 1993), thereby allowing the Movants to pursue a personal injury action against the Debtor in the Roane County Circuit Court to the extent of his insurance coverage. In the Motion, the Movants stated that they were not listed by the Debtor in his statements and schedules and that they became aware of his Chapter 7 bankruptcy case after his discharge was entered. They request "relief" from the discharge injunction of § 524 "only to the extent of the Debtor's insurance coverage." Tendered contemporaneously with the Motion was an Agreed Order approved by counsel for the Movants and the Debtor, granting the Motion and "modifying" the discharge injunction to allow the Movants to pursue their lawsuit against the Debtor to the extent of his insurance coverage. The court will not enter the Agreed Order at this time for the reasons set forth in this Memorandum.

This is a core proceeding. 28 U.S.C.A. § 157(b)(2)(A) and (O) (West 1993).

## I

■ A primary goal of the Bankruptcy Code, to allow the "honest but unfortunate" debtor to obtain a "fresh start" through relief from his debts, is accomplished by the discharge. *In re Krohn,* 886 F.2d 123, 125 (6th Cir.1989) (citing *Local Loan Co. v. Hunt,* 292 U.S. 234, 54 S.Ct. 695, 699, 78 L.Ed. 1230 (1934)); *see also Meyers v. Internal Revenue Serv. (In re Meyers),* 196 F.3d 622, 624 (6th Cir. 1999); *In re Castle,* 289 B.R. 882, 886 (Bankr.E.D.Tenn.2003). In a Chapter 7 case, a debtor's assets are liquidated for the benefit of his or her creditors, and in return, the debtor's debts, or a portion thereof, are discharged.[1] *Krohn,* 886 F.2d at 125. Although entry of a Chapter 7 debtor's discharge does not extinguish the debts, once the discharge has been en-

---

1. Except as provided in section 523 of this title, a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter, and any liability on a claim that is determined under section 502 of this title as if such claim had arisen before the commencement of the case, whether or not a proof of claim based on any such debt or liability is filed under section 501 of this title, and whether or not a claim based on any such debt or liability is allowed under section 502 of this title.

11 U.S.C.A. § 727(b) (West 1993). Some debts, including alimony, child support, certain taxes, and student loans, are nondischargeable, per se, under 11 U.S.C.A. § 523(a) (West 1993 & Supp.2003).

tered, the debtor is no longer personally liable for any of the discharged debts. *Castle,* 289 B.R. at 886 (quoting *Houston v. Edgeworth (In re Edgeworth),* 993 F.2d 51, 53 (5th Cir.1993)); *see also In re Gibson,* 172 B.R. 47, 49 (Bankr.W.D.Ark.1994).

■ Once the debtor is granted a discharge, the "discharge injunction" is triggered. Section 524 provides, in material part:

    (a) A discharge in a case under this title—

     . . . .

    (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, . . . [.]

     . . . .

    (e) Except as [otherwise] provided in . . . this section, discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt.

11 U.S.C.A. § 524. "The purpose of such an injunction is to protect the debtor from suits to collect debts that have been discharged in bankruptcy." *Hendrix v. Page (In re Hendrix),* 986 F.2d 195, 199 (7th Cir.1993). Accordingly, once a Chapter 7 debtor has been granted a discharge, any creditor holding a discharged prepetition claim may not attempt to hold the debtor personally liable for that claim.

■ On the other hand, the case law is quite clear that, pursuant to § 524(e), a creditor does not violate the discharge injunction by proceeding in a lawsuit against a debtor in order to determine liability for the purposes of collecting from a third party, such as an insurance carrier. "[T]he discharge of a chapter 7 debtor does not eradicate liability of third parties such as, for example, contractually respon-

sible insurance companies. . . . [Instead, the] discharge injunction . . . is intended for the benefit of the debtor; it is not meant to affect the liability of third parties or to prevent establishing such liability through whatever means required." *Simpson v. Rodgers (In re Rodgers),* 266 B.R. 834, 836 (Bankr.W.D.Tenn.2001); *see also In re Schultz,* 251 B.R. 823, 828 (Bankr.E.D.Tex.2000) (holding that while the discharge injunction protects a discharged debtor from being adjudged personally liable, it does not "preclude a determination of [a] debtor's liability on the basis of which indemnification would be owed by another party") (quoting *In re Shondel,* 950 F.2d 1301, 1306 (7th Cir. 1991)); *Gibson,* 172 B.R. at 49 (collecting cases).

    [T]he holder of a prepetition claim is not enjoined by 11 U.S.C. § 524 from commencing or continuing an action against a debtor, or a debtor and others, so long as the purpose of such an action is to obtain satisfaction of its claim from entities other than the debtor.

     . . . .

    [B]y recognizing this limited exclusion from the broad sweep of the discharge injunction, (1) an allegedly aggrieved party will be allowed to prosecute a claim against a non-debtor third-party; (2) a debtor will continue to be protected from the obligation to satisfy any personal liability that may result from the aggrieved party's actions; and (3) the insurance company will suffer no exposure greater than what it had agreed to in the insurance contract with a debtor. Any judgment against a debtor obtained in these circumstances is unenforceable against the Debtor by virtue of the Order of Discharge.

*In re Christian,* 180 B.R. 548, 550 (Bankr. E.D.Mo.1995). Recently, this court aligned itself with those courts, agreeing

that § 524(e) allows a creditor to proceed with an action against a debtor, in name only, in order to establish liability and possibly collect from an insurance carrier. *See Castle,* 289 B.R. at 889.

## II

■ The issue now before the court is whether it is necessary for a creditor to file a motion to reopen a debtor's closed Chapter 7 bankruptcy case in order to obtain relief from the discharge injunction as a prerequisite to proceeding with a lawsuit to determine liability as to a debtor's insurance carrier. The authority to reopen a closed bankruptcy case is derived from 11 U.S.C.A. § 350(b), which provides that "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C.A. § 350(b).[2] "[W]hether to reopen bankruptcy cases . . . [is within] the sound discretion of the bankruptcy judge[.]" *Rosinski v. Boyd (In re Rosinski),* 759 F.2d 539, 540–41 (6th Cir.1985). Because there are no statutory criteria set forth defining "cause" for reopening a closed case, motions to reopen should be decided on a case by case basis, "consider[ing] the equities of each case with an eye toward the principles which underlie the Bankruptcy Code." *In re Kapsin,* 265 B.R. 778, 779–80 (Bankr. N.D.Ohio 2001). However, "[t]he Court will not reopen [a] case if doing so would be futile[.]" *In re Phillips,* 288 B.R. 585, 587 (Bankr.M.D.Ga.2002); *accord Chanute Prod. Credit Assoc. v. Schicke (In re Schicke),* 290 B.R. 792, 798 (10th Cir. BAP 2003) ("A bankruptcy court that refuses to reopen a Chapter 7 case that has been closed will not abuse its discretion if it cannot afford the moving party any relief in the reopened case.").

Undoubtedly, issues regarding the discharge injunction would be included within the definition of "cause" in § 350(b). However, as previously stated, "[i]t is well established that [§ 524(e) ] permits a creditor to bring or continue an action directly against the debtor to establish the debtor's liability when establishing that liability is a prerequisite to recovery from another entity." *Slali v. Ruiz (In re Slali),* 282 B.R. 225, 229 (C.D.Cal.2002). Accordingly, the court questions the necessity for the reopening of a closed bankruptcy case for the sole purpose of obtaining an order from the bankruptcy court allowing the party to continue a lawsuit in which the debtor is named only to establish liability and/or to collect from his insurance carrier.

Several courts addressing this issue have determined that it is not necessary to reopen a bankruptcy case or to enter an order "modifying" the discharge injunction allowing a party to proceed with a lawsuit under § 524(e). *See, e.g., Ruvacalba v. Munoz (In re Munoz),* 287 B.R. 546, 550 (9th Cir. BAP 2002) ("[T]he assumption . . . that a bankruptcy court order is required any time an action is taken nominally against a debtor after discharge is . . . incorrect."); *Patronite v. Beeney (In re Beeney),* 142 B.R. 360, 363 (9th Cir. BAP 1992) (holding that "reopening [a] case is unnecessary because . . . an action naming the debtor solely to establish the debtor's liability in order to collect on an insurance policy is not barred by . . . § 524"); *Christian,* 180 B.R. at 550 (denying the creditor's motion to reopen "for the

---

2. Section 350(b) must be read in conjunction with Federal Rule of Bankruptcy Procedure 5010, which allows "the debtor or any party in interest" to file a motion to reopen a closed case under § 350(b). FED. R. BANKR. P. 5010. A debtor's creditors are parties in interest. *See Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.),* 898 F.2d 1544, 1551 n. 5 (11th Cir.1990).

purpose of modifying the injunctive provisions of the Order of Discharge ... as moot"); *Gibson*, 172 B.R. at 50 (denying creditors' motion to reopen "as it does not present a justiciable issue for the Court").

Other courts facing the same determination have granted such motions, out of an abundance of caution or to provide the moving party with the security of an order. *See, e.g., Slali*, 282 B.R. at 230 ("[E]ven if it is not necessary to reopen the case[ ] and modify the discharge injunction[ ], it would still be prudent to do so[, as] ... the modification would serve as a clarification and avoid a conflict between [the courts] regarding the scope of the discharge injunction."); *Rodgers*, 266 B.R. at 837 ("Assuming arguendo that the discharge injunction of § 524 is applicable to this proceeding, ... good cause exists under a totality of the circumstances to warrant a reopening of this case ... to authorize [the creditor] to proceed to finality with the pending state court lawsuit against [the debtor.]"); *In re Doar*, 234 B.R. 203, 207 (Bankr.N.D.Ga.1999) ("Although this Court does not believe that the reopening of the case is necessary ... [for the creditors to pursue their lawsuit] ..., thereby obviating the need to ... 'modify' the discharge injunction, out of an abundance of caution, the Court will order that the case be reopened[.]").

■ In this case, the court does not believe that it can afford the Movants any relief by reopening the Debtor's Chapter 7 case. Although the Movants are certainly within their rights as parties in interest to file a motion to reopen the Debtor's bankruptcy case, the action is not necessary for them to obtain the relief that they seek. Notwithstanding that they must name the Debtor as the party defendant, the Movants simply do not need permission or approval from the bankruptcy court to proceed with their lawsuit to establish liability and/or collect a judgment from the Debtor's insurance company. Rather, the court believes that reopening the Debtor's bankruptcy case to enter an order "modifying" the discharge injunction is "an exercise in futility." *In re Mendiola*, 99 B.R. 864 (Bankr.N.D.Ill.1989). This is particularly true when, as in this case, the parties are in agreement that the lawsuit is strictly for the purpose of reaching the proceeds of the Debtor's liability insurance. Of course, the court understands that some attorneys or a state trial court, being unfamiliar with bankruptcy practice and procedure, may desire the comfort of an order of "modification" from the bankruptcy court prior to allowing such lawsuits to proceed. For these, and other reasons, the court will entertain such motions.

It should also be noted that a party seeking to reopen a closed bankruptcy case may not merely file a motion pursuant to § 350(b). The reopening of a bankruptcy case also requires payment of a fee, which is currently $155.00, to cover the administrative costs associated with reopening a closed file. *See* 28 U.S.C.A. § 1930(a), (b) (West 1994 & Supp.2002); *In re Harrison*, 206 B.R. 910, 912 (Bankr. E.D.Tenn.1997) ("In addition to the unnecessary expense to the [movant], reopening the case creates needless administrative paperwork.") (citing *In re Humar*, 163 B.R. 296 (Bankr.N.D.Ohio 1993)). Therefore, if a party desires the "comfort" of reopening a closed case for the court to enter an order "modifying" the discharge injunction, the motion must be accompanied by the appropriate fee.

### III

In summary, the court does not believe that it is necessary for the Movants to reopen the Debtor's closed Chapter 7 bankruptcy case in order to proceed with their pending state court lawsuit to determine liability and/or collect from the Debt-

or's insurance company. However, if the Movants still desire to reopen the case, the court will not deny their Motion provided they pay the $155.00 reopening fee. The court will therefore allow the Movants to pay the $155.00 fee within ten (10) days. If they fail to pay the fee, the Motion will be denied. Regardless, the Movants are not precluded by the discharge injunction of 11 U.S.C.A. § 524(a)(2) from proceeding with their lawsuit in the Roane County Circuit Court to determine liability and/or to collect from the Debtor's insurance carrier only. It should be expressly understood, however, that even though the pending lawsuit may proceed, any adjudication of liability may not be enforced against the Debtor personally, but will only be enforceable against the Debtor's insurance carrier. *See also Rodgers,* 266 B.R. at 837.

An order consistent with this Memorandum will be entered.

### *ORDER*

For the reasons set forth in the Memorandum on Motion to Reopen Bankruptcy Case filed this date, the court directs that it will defer ruling on the Motion filed July 18, 2003, by Kathleen and George Wiseman, Janie Jones, and Cameron Jones, seeking to reopen the Debtor's bankruptcy case to obtain relief from the discharge injunction of 11 U.S.C.A. § 524(a)(2) (West 1993), for a period of ten (10) days to allow the movants to remit the $155.00 fee required for the reopening of a Chapter 7 case. If the fee is timely remitted, the court will reopen the Debtor's bankruptcy case and will sign the Agreed Order tendered by the Debtor and the movants at the time the Motion was filed. If the fee is not remitted, the Motion will be denied.

**SO ORDERED.**