**In re Marilyn Locurto FARLEY A/K/A Stormy Farley and Charles T. Farley, Debtors.**

**Bankruptcy No. 95 B 20908.**

United States Bankruptcy Court, S.D. New York.

April 9, 1996.

---

Herzfeld & Rubin, P.C. by Ira L. Herman, New York City, for Michael Scott Locurto and Stephen Jay Locurto.

Harvey Bayer, Mt. Vernon, NY, for Marilyn Locurto Farley.

## DECISION GRANTING MOTION FOR AN ORDER VACATING THE PERMANENT INJUNCTION

ADLAI S. HARDIN, Jr., Bankruptcy Judge.

The Debtors filed a joint voluntary petition under Chapter 7 of the Bankruptcy Code on May 16, 1995 ("the Filing Date"). The last date for filing claims against the Debtors' estates and to file complaints objecting to discharge and dischargeability of individual debts pursuant to sections 727 and 523 of the Bankruptcy Code was August 18, 1995. The Debtors were discharged by Order of this Court dated January 19, 1996.

On the Filing Date there was and still is pending in Surrogate's Court, Westchester County a proceeding to compel Debtor Marilyn Locurto Farley ("Ms. Farley") to account for her actions as Administratrix of the estate of her former husband, Salvatore A. Locurto. Michael Scott Locurto and Stephen Jay Locurto ("movants"), the sons of Ms. Farley, now move this Court for entry of an order vacating the permanent injunction imposed by 11 U.S.C. § 524 to allow the movants to proceed with the pending proceeding in Surrogate's Court on their objections to the account filed by Ms. Farley.

The movants were listed as contingent creditors in Ms. Farley's Chapter 7 petition, and they recognize that their claims against her are barred by her discharge. Their goal now is to recover against a surety bond issued by Safeco Insurance Company ("Safeco") insuring the conduct of Ms. Farley in her representative capacity as administratrix of Salvatore Locurto's estate. But to recover on the surety bond, movants must first establish Ms. Farley's liability as administratrix.

The movants argue that the permanent injunction of Bankruptcy Code Section 524(2) and (3) should be modified to prevent Safeco from escaping liability solely because the insured has received a discharge, relying primarily on the Second Circuit's decision in *Green v. Welsh*, 956 F.2d 30, 35 (2d Cir.1992). In opposition, Ms. Farley argues that the *Green* case is distinguishable from the instant facts because (i) *Green* sounded in tort, rather than breach of fiduciary duty, and (ii) successful prosecution of the underlying action in *Green* would not result in any personal liability on the part of the debtor, whereas in the instant case Ms. Farley may ultimately be held liable because of Safeco's expressed intent to pursue an action for indemnification for any loss incurred on the surety bond. Accordingly, Ms. Farley argues that the relief requested would "thwart the intent of the Bankruptcy Laws which afford a debtor relief from claims that occurred prior to the filing of the Bankruptcy petition." (Affirmation in Opp'n to Vacate Stay, ¶ 7)

Since the ultimate goal of the Surrogate's Court proceeding is not to "collect, recover or offset" a debt from or against Ms. Farley, now that she has been discharged, it can be said that a fine reading of Section 524(a)(2) and (a)(3) of the Bankruptcy Code would not act as a bar to the pending state court action. *See Green v. Welsh*, 956 F.2d at page 36 ("we find that the discharge injunction under §§ 524(a) and 524(e) permits [movant] to continue her suit against the [debtors], without requiring her to obtain a modification of the injunction, but only to prove liability as a prerequisite to recovery from the [debtors'] liability insurer"); *Matter of Shondel*, 950 F.2d 1301, 1306–09 (7th Cir.1991) (affirming

modification of discharge injunction to allow proceeding against debtor to collect insurance, but concluding that injunction did not bar proceeding). However, a fine reading of Section 524(a)(2) and (3) is not necessary for the determination of this motion.

■ Section 524(a) of the Bankruptcy Code clearly was not intended to insulate Safeco from liability on the surety bond which it issued for the very purpose of protecting the decedent's estate from loss due to the inability of the administratrix to respond in damages. Section 524(e) states in pertinent part: "Except as provided in subsection (a)(3) of this section, discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt".

Courts consistently have held that the "fresh start" of Chapter 7 is intended to apply only to debtors and is not intended to provide a mechanism for insurers to escape liability. *See,* e.g. *Green,* 956 F.2d at 35; ("we believe that § 524 permits a plaintiff to proceed against a discharged debtor solely to recover from the debtor's insurer"); *Matter of Shondel,* 950 F.2d at 1308 (citation omitted) ("But the 'fresh-start' policy is not intended to provide a method by which an insurer can escape its obligations based simply on the financial misfortunes of the insured"); *In re Jet Florida Systems, Inc.,* 883 F.2d 970, 975 (11th Cir.1989) ("The analysis provided by the available case law does not hinge upon whose insurer is liable, but rather upon the condition that the debtor not be personally liable in a way that would interfere with the debtor's fresh start in economic life"). Collier observes: "It is generally agreed that the debtor's discharge does not affect the liability of the debtor's insurer for damages caused by the debtor and that the creditor may seek to recover from the insurer." 3 Lawrence P. King et al., *Collier on Bankruptcy* ¶ 524.05, at 524–46 (15th ed. 1995) (footnote omitted).

■ After reviewing the moving papers and the existing caselaw, I conclude that Ms. Farley's contentions are without merit. Ms. Farley provides no caselaw support for the distinction between tort and non-tort cases. The fact that an indemnification action may be brought by Safeco against Ms. Farley cannot be invoked by her to bar movants' remedy against Safeco at this juncture, because Ms. Farley's exposure to Safeco is the result of her own failure to list Safeco as a creditor. Whatever the consequences as between Ms. Farley and Safeco, her failure to obtain a discharge as against Safeco cannot be used to preclude movants from their well-established right to recover on a surety bond the very purpose of which is to protect against a bankruptcy filing by Ms. Farley. Accordingly, the motion is granted to the limited extent of permitting movants to proceed with their claim in Surrogate's Court to establish, if they can, Ms. Farley's liability. But the injunction of section 524(a)(2) and (3) shall remain in effect to bar any attempt by movants to "collect, recover or offset" such liability against Ms. Farley personally. Counsel for the movants are directed to settle an order consistent with this decision.