**In re Annell RODGERS, Debtor.**

**Phillip Simpson, Movant,**

v.

**Annell Rodgers, Respondent, the above-named Chapter 7 Debtor.**

No. 98–32353–K.

United States Bankruptcy Court,
W.D. Tennessee,
Western Division.

Sept. 18, 2001.

Lee Wilson, Memphis, TN, for respondent, Annell Rodgers.

Sean M. Haynes, Memphis, TN, United States Trustee, Memphis, TN, Staff Attorney.

Richard T. Doughtie, III, Memphis, TN, Chapter 7 Trustee.

## MEMORANDUM ORDER GRANTING "MOTION TO REOPEN" COMBINED WITH RELATED ORDERS AND NOTICE OF THE ENTRY THEREOF

DAVID S. KENNEDY, Chief Judge.

The instant proceeding is before the court upon the "Motion to Reopen" filed on August 24, 2001, by the movant, Phillip Simpson ("Mr. Simpson"), and the "Objection to Motion to Reopen Chapter 7 Case" filed on September 11, 2001, by the respondent, Annell Rodgers, the above-named debtor ("Ms. Rodgers").

Mr. Simpson essentially seeks a reopening of this closed chapter 7 case and a modification of the discharge injunction under 11 U.S.C. § 524 to pursue to finality a pending state court lawsuit attempting to recover asserted damages in the amount of $1.5 million for injuries allegedly caused by Ms. Rodgers' negligent operation of an automobile. Mr. Simpson does not seek to impose any personal liability against Ms. Rodgers despite the fact that she is the defendant in the pending state court litigation as the subject uninsured motorist.[1] Ms. Rodgers objects to this case being reopened primarily stating that her discharge has been granted and that she will have "to incur additional and unnecessary attorney fees...."

Seymour S. Rosenberg, Memphis, TN, for Movant, Phillip Simpson.

---

1. More specifically, Mr. Simpson states that "[i]n the event that movant [Mr. Simpson] is permitted to pursue the aforementioned suit, Movant [Mr. Simpson] will seek recovery only to the limits of the uninsured motorist policy."

By virtue of 28 U.S.C. § 157(b)(2)(A) and (O) this is a core proceeding. Based on the undisputed background facts and consideration of statements of counsel and the entire case record as a whole, the following shall constitute the court's findings of fact and conclusions of law in accordance with FED.R.BANKR.P. 7052.

The relevant background facts may be briefly summarized as follows. On August 21, 1997, Mr. Simpson and Ms. Rodgers were involved in an automobile collision. On August 19, 1998, Mr. Simpson commenced a lawsuit against Ms. Rodgers in the Shelby County, Tennessee Circuit Court seeking to recover $1.5 million for injuries assertedly sustained by him as a result of Ms. Rodgers' alleged negligent operation of an automobile.

On September 8, 1998, Ms. Rodgers filed a no-asset chapter 7 case under the Bankruptcy Code. On December 18, 1998, Ms. Rodgers' chapter 7 discharge was entered without any complaints being filed under 11 U.S.C. § 727(a) or § 523(c)(1) and her case was ordered closed. *See* 11 U.S.C. § 350(a); FED.R.BANKR.P. 5009. On August 24, 2001, Mr. Simpson filed the instant motion. *See* 11 U.S.C. § 350(b);[2] FED.R.BANKR.P. 5010.[3]

Upon the entry of Ms. Rodgers' chapter 7 discharge, the automatic stay imposed by 11 U.S.C. § 362(a) ceased to exist by virtue of 11 U.S.C. § 362(c)(2)(C) and was replaced with the permanent discharge injunction contained in 11 U.S.C. § 524(a), which provides, in relevant part, as follows:

A discharge in a case under this title—

\*       \*       \*       \*       \*       \*

(2) operates as an injunction against the commencement or continuation of an action ... to collect, recover or offset any such debt as a personal liability of the debtor.

Importantly here, 11 U.S.C. § 524(e) provides as follows:

Except as provided in subsection (a)(3) of this section, discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt.

Accordingly, the discharge of a chapter 7 debtor does not eradicate liability of third parties such as, for example, contractually responsible insurance companies. *See generally, e.g., First Fidelity Bank v. McAteer*, 985 F.2d 114 (3rd Cir.1993). The result is that a personal injury action is not extinguished by the debtor's discharge—the collection of debtor's personal liability for the debt is rendered unenforceable. *In re Gibson*, 172 B.R. 47, 49 (Bankr.W.D.Ark.1994). Simply put, the discharge injunction under 11 U.S.C. § 524(a) is intended for the benefit of the debtor; it is not meant to affect the liability of third parties or to prevent establishing such liability through whatever means required. *In re Christian*, 180 B.R. 548 (Bankr.E.D.Mo.1995).

Moreover, it is well settled the permanent discharge injunction contained in 11 U.S.C. § 524(a)(2) does not prevent suit against the debtor (*e.g.*, Ms. Rodgers) solely to determine liability in order to collect from the debtor's (or another entity's) insurer. *See generally, e.g., First Fidelity Bank v. McAteer*, 985 F.2d 114 (3rd Cir. 1993); *Green v. Welsh*, 956 F.2d 30 (2nd

---

**2.** 11 U.S.C. § 350(b) provides, in relevant part, as follows:

A case may be reopened in the court in which such case was closed ... for ... cause.

**3.** FED.R.BANKR.P. 5010 provides, in relevant part, as follows:

A case may be reopened on motion of the debtor or other party in interest pursuant to § 350(b) of the Code. . . .

Cir.1992); *In re Shondel,* 950 F.2d 1301 (7th Cir.1991); *In re Walker,* 927 F.2d 1138 (10th Cir.1991). Thus, it is permissible to commence or continue prosecution against a debtor as a nominal defendant if such action is necessary to prove liability as a prerequisite to recovery, for example, from the liability insurer. Indeed, many state laws require that the debtor be a named party. *See generally, e.g., In re Edgeworth,* 993 F.2d 51 (5th Cir.1993). It is emphasized, however, that no collection action may be taken against the debtor. *Pettibone Corp. v. Hawxhurst,* 163 B.R. 989 (N.D.Ill.1994), *aff'd,* 40 F.3d 175 (7th Cir.1994).

Mr. Simpson's instant motion primarily states and requests that:

- his state court lawsuit against Ms. Rodgers is still pending;
- Ms. Rodgers, at times relevant here, was an uninsured motorist as defined under TENN.CODE ANN. § 56–7–1202;
- State Farm Insurance Company was the issuer of an uninsured motorist policy of his employer, American Photocopy of Memphis, Inc., on August 21, 1997;
- TENN.CODE ANN. § 56–7–1206 requires him to proceed against Ms. Rodgers, the asserted uninsured motorist;
- State Farm Insurance Company is on notice of the pending state court lawsuit and has taken appropriate steps to defend against this claim at no expense to Ms. Rodgers; and
- he will seek collection/recovery only to the limits of and under the uninsured motorist policy.

As noted, Ms. Rodgers objects to the instant motion stating that Mr. Simpson's claim against her has been heretofore discharged and that she should not be re-quired "to incur additional unnecessary attorney fees...."

■ Costs and expenses incurred by debtors in such situations ordinarily are insufficient reasons to prohibit a creditor, such as Mr. Simpson, from proceeding against a third party to recover on a cause of action. *See, e.g., In re Edgeworth,* 993 F.2d 51, 54 (5th Cir.1993); *In re Walker,* 927 F.2d 1138, 1144 (10th Cir.1991) (allowed suit to proceed even though debtor would incur legal expenses); *In re Greenway,* 126 B.R. 253 (Bankr.E.D.Tex.1991); *In re Traylor,* 94 B.R. 292 (Bankr. E.D.N.Y.1989).

■ Actually, Ms. Rodgers, as the chapter 7 debtor, whether discharged or not, is under the same obligations as any other witness despite the inconvenience of attending and testifying at the trial. *In re Gibson,* 172 B.R. 47, 50 (Bankr.W.D.Ark. 1994). It is expressly understood, however, that although the pending lawsuit against the debtor may proceed to finality, any eventual judgment against the debtor cannot modify the debtor's previous discharge of the personal liability to the claimant-creditor.

■ Assuming arguendo that the discharge injunction under 11 U.S.C. § 524(a) is applicable to this proceeding, the court finds that good cause exists under a totality of the circumstances to warrant a reopening of this case to allow for a modification of the section 524(a) injunction in order to authorize Mr. Simpson to proceed to finality with the pending state court lawsuit against Ms. Rodgers in accordance with and subject to the terms and conditions of this Memorandum Order.[4]

Based on the foregoing,

---

**4.** *Compare Hawxhurst v. Pettibone Corp.,* 40 F.3d 175 (7th Cir.1994); *Green v. Welsh,* 956 F.2d 30 (2nd Cir.1992).

IT IS ORDERED AND NOTICE IS HEREBY GIVEN THAT:

1. This case is hereby reopened for cause.

2. Assuming arguendo that the permanent discharge injunction contained in 11 U.S.C. § 524(a) applies, this case is hereby reopened for cause; and the permanent injunction is hereby modified for cause, strictly in accordance with the foregoing, to allow Mr. Simpson to proceed to finality with the state court lawsuit against Ms. Rodgers; it is expressly understood, however, that any judgment in favor of Mr. Simpson and against Ms. Rodgers in nowise affects the discharged underlying obligation.

3. It is not necessary for the United States Trustee for Region 8 to appoint a chapter 7 trustee.

4. Upon this Memorandum Order becoming final, the Bankruptcy Court Clerk is hereby authorized to re-close this case.