Donna Marie MOOR; Morris H. Moor, Plaintiff–Appellants

v.

MADISON COUNTY SHERIFF'S DE-PARTMENT, Cecil Cochran, Sheriff, Cecil Cochran, Individually and in his official capacity as Sheriff of Madison County; M.T. Arthur, Individually and in his official capacity as Deputy of Madison County, Defendants–Appellees.

No. 00–6004.

United States Court of Appeals, Sixth Circuit.

Feb. 15, 2002.

Before SUHRHEINRICH, SILER and BATCHELDER, Circuit Judges.

SUHRHEINRICH, Circuit Judge.

Plaintiff–Appellant Donna Marie Moor appeals from the order of the district court granting summary judgment to Defendants Madison County Sheriff's Department, Cecil Cochran, and M.T. Arthur in this action brought under 42 U.S.C. §§ 1983, 1985, and 1986 for alleged violations of her First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights. We AFFIRM.

## I.

The following facts are taken from the district court's opinion:

In the early morning hours of April 18, 1999, Mrs. Moor left her friends' residence after a night of drinking to buy cigarettes. Mrs. Moor, who was unfamiliar with the area, became lost. She eventually came to a Shell station where she asked for assistance and attempted to call her friends. After making two unsuccessful attempts to drive Mrs. Moor back to her friends' house, the Shell station attendant called the police.

Deputy M.T. Arthur arrived at the Shell station around 6 a.m. After speaking with Mrs. Moor, Deputy Arthur moved her car to a nearby parking lot and asked Mrs. Moor to get in his cruiser. According to Mrs. Moor, while driving past his own home, Deputy Arthur commented that Mrs. Moor was very attractive and made disparaging remarks about his wife. When they found her friends' house, Deputy Arthur did not pull into the driveway but parked at the entrance. Mrs. Moor alleges that Deputy Arthur then took inappropriate Polaroid photographs of her, made sexual comments, and refused to allow her to exit the cruiser. Deputy Arthur also wrote her a ticket, which he neither signed nor checked off any violations, and gave her a Breathalyzer test, about which he stated, "We won't be needing this." At approximately 7:30 a.m., Deputy Arthur allowed her to leave the cruiser.

Plaintiffs Donna and her husband Morris Moor filed this suit on May 26, 1999. On December 16, 1999, Deputy Arthur filed a voluntary Chapter 7 bankruptcy petition in U.S. Bankruptcy Court, Eastern District of Kentucky. On January 3, 2000, Deputy Arthur notified the district court that he had filed for bankruptcy. The deadline for objections to discharge was March 20, 2000. Plaintiffs took no action to set aside the automatic stay in the bankruptcy court, nor to object to discharge of the debt. Arthur filed a motion to dismiss on March 30, 2000. Plaintiffs filed no response. The district court denied the motion as moot because of the stay in bankruptcy. On April 21, 2000, Sheriff Cochran and Madison County Sheriff's Department filed a joint motion for summary judgment. Defendant Arthur filed a motion for summary judgment on May 25, 2000, which did not address the

bankruptcy issue, along with an extension of time to permit filing on that issue. On June 8, 2000, the district court granted Arthur's request, and ordered Plaintiffs to respond by June 16. On June 9, 2000, the district court *sua sponte* issued an order stating that Plaintiffs should also file a status report by June 16, 2000 addressing the issue of Arthur's bankruptcy.

Plaintiffs filed a response to Arthur's motion for summary judgment on June 16, but failed to file a status report. The district court granted summary judgment to all Defendants on June 22, 2000, dismissing all the federal claims with prejudice and all the state claims without prejudice.

Plaintiff Donna Moor appeals.

## II.

We review the district court's grant of summary judgment *de novo*. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir.1996). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c).

## A.

The district court dismissed Moor's claim against Arthur in his individual capacity on the grounds that Plaintiffs had been given the opportunity to respond to the discharge in bankruptcy, but failed to do so. Moor complains that the district court abused its discretion by dismissing her claims against Deputy Arthur because her attorneys failed to file a court-ordered status report.

■ This issue is moot, because Plaintiff's claims are barred by operation of 11 U.S.C. § 524 (effect of discharge provision). *See also* 11 U.S.C. § 727 (discharge provision for individuals); *cf. In re White Motor Credit*, 761 F.2d 270, 274–75 (6th Cir.1985) (in analogous Chapter 11 context; holding that all pre-petition and post-petition claims against the debtor which had not been filed in the bankruptcy court were barred by the statute and orders of the lower courts). Arthur was discharged in bankruptcy on May 22, 2000, and he filed his Notice of Discharge in the district court on May 25, 2000. Plaintiffs took no steps in either the bankruptcy or district courts to set aside or terminate the automatic stay or otherwise obtain an exception to the discharge and therefore failed to preserve their rights against Arthur.

Moor's request for a rule that a creditor can proceed nominally against a debtor is inconsistent with the law of this Circuit. *See In re White Motor Credit, supra.* We are not free to overrule it. *See Salmi v. Secretary of Health & Human Servs.*, 774 F.2d 685, 688 (6th Cir.1985).

## B.

■ Moor also contends that the district court erred in granting summary judgment to Sheriff Cochran because she offered evidence that Sheriff Cochran acquiesced to Deputy Arthur's unlawful behavior.

As both sides observe, to establish a valid claim for improper supervision against a city's police chief, the plaintiff must show " 'that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it.' " *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 727 (6th Cir.1996) (*Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.1984)). "At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved

or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Bellamy,* 729 F.2d at 421.

Moor claims her proof of complicity is Cochran's failure to discipline Deputy Arthur for his misbehavior. That is, Cochran did nothing even though Moor made Cochran aware of the fact that Arthur (admittedly) transported Moor in his cruiser without reporting to dispatch that he had a female passenger, and that Arthur took photographs of Moor. Further, Arthur had a recent history of failing to report that he was transporting women in his cruiser. From these facts Moor argues that a reasonable jury could have concluded that since Cochran did not discipline Arthur, he must have implicitly authorized or approved in Arthur's conduct.

Timing is everything. Cochran did not learn any of these facts until Moor filed her complaint. Specifically, Cochran first learned of the incident on May 27, 1999, when he received a letter from Moor's attorney along with a courtesy copy of the Complaint. After receiving the complaint, Cochran investigated the incident by questioning Arthur, who denied any wrongdoing, and he reviewed the 911 calls for assistance from the Shell station. Cochran was prevented from interviewing the only other eyewitness, Moor, because by this time she had retained an attorney and filed suit against Cochran. In fact, Moor's facts reveal that Cochran did not know of the incident and therefore could not have implicitly acquiesced in it. Furthermore, Cochran disciplined Arthur on a previous occasion for failing to maintain appropriate radio contact and properly log his whereabouts when he transported another female passenger in 1999.

In short, Moor's evidence fails to create a genuine issue of fact as to Cochran's liability.

## III.

For the foregoing reasons, we AFFIRM the judgment of the district court.