**In re Christopher Ellis CASTLE, a/k/a Chris Castle, Debtor.**

**No. 01–30491.**

United States Bankruptcy Court, E.D. Tennessee.

Jan. 22, 2003.

David S. Wigler, Law Office of Herbert S. Moncier, Knoxville, TN, for Melanie Rochelle Lowe and Larry Christopher Flynn.

David E. Waite, Robertson & Overbey, Knoxville, TN, J.G. Christenberry, Seymour, TN, for Debtor.

***MEMORANDUM ON MOTION TO MODIFY OR AMEND THE ORDER OF DISCHARGE AND OTHER RELIEF AND MOTION FOR AN ORDER EXCUSING THE FAILURE OF THE DEBTOR TO COMPLY WITH E.D. TENN. LBR 7007–1 AND FOR OTHER RELIEF***

RICHARD S. STAIR, Jr., Bankruptcy Judge.

Presently before the court are two motions: (1) a Motion to Modify or Amend the Order of Discharge and for Other Relief (Motion to Modify) filed by Melanie Rochelle Lowe and Larry Christopher Flynn (collectively, Lowe and Flynn) on November 14, 2002; and (2) a Motion for

an Order Excusing the Failure of the Debtor to Comply with E.D. Tenn. LBR 7007–1 and for Other Relief (Motion to Excuse) filed by the Debtor on December 16, 2002. In their Motion to Modify, Lowe and Flynn seek, *inter alia*, relief from the discharge injunction of 11 U.S.C.A. § 524(a)(2) (West 1993) to allow them to proceed with litigation currently pending in the Circuit Court for Knox County, Tennessee. The Debtor, in his Motion to Excuse, seeks, *inter alia*, an order "[e]xcusing the failure of the Debtor to comply with E.D. Tenn. LBR 7007–1" regarding filing a response to their Motion to Modify,[1] additional time to amend his petition to include the claims of Lowe and Flynn, and that he be allowed to attempt "to obtain a discharge in this proceeding of the claims asserted against the Debtor [by Lowe and Flynn] in the state court action [currently pending in the Knox County Circuit Court]."

This is a core proceeding. 28 U.S.C.A. § 157(b)(2)(A) and (O) (West 1993).

### I

The Debtor filed a Voluntary Petition under Chapter 7 on January 31, 2001, and received his discharge on July 3, 2001 (the Discharge Order). On June 3, 2002, Lowe and Flynn filed a Complaint commencing a medical malpractice lawsuit against the Debtor and other defendants in the Circuit Court for Knox County, Tennessee (the Knox County Circuit Court Lawsuit), seeking compensatory and punitive damages relating to the Debtor's alleged negligence in his treatment of and the subsequent death of their father.[2] In response to Lowe and Flynn's Complaint, the Debtor filed a Notice of Stay in the Knox County Circuit Court on September 6, 2002, in which he stated that the Knox County Circuit Court Lawsuit was stayed pursuant to 11 U.S.C.A. § 362(a)(1) (West 1993). In response to the Notice of Stay, Lowe and Flynn filed a Motion for Relief from Automatic Stay in the United States Bankruptcy Court on October 18, 2002, seeking relief from the automatic stay provisions of § 362(a) to allow them to proceed in the Knox County Circuit Court Lawsuit. The Debtor then filed a Notice of Withdrawal of Notice of Stay in the United States Bankruptcy Court on November 1, 2002, stating that the Notice of Stay had been filed without knowledge that the automatic stay had been terminated by the Discharge Order entered on July 3, 2001.[3] On November 22, 2002, the court, sua sponte, denied Lowe and Flynn's Motion for Relief from Automatic Stay because the automatic stay had expired upon the granting of the Debtor's discharge. *See* 11 U.S.C.A. § 362(c) (West 1993).

On November 14, 2002, Lowe and Flynn filed the Motion to Modify presently before the court. In the Motion to Modify, Lowe and Flynn assert that although some of the actions comprising their claims in the Knox County Circuit Court Lawsuit arose prepetition, many of the actions complained of arose postpetition. Lowe and Flynn have requested that the Discharge

---

**1.** The Debtor's reliance on E.D. Tenn. LBR 7007–1 is misplaced because this local rule, entitled "Motion Practice," has application only to motions filed in adversary proceedings. *See* E.D. TENN LBR 9001–1(g). The court does not generally require the filing of a response to a contested matter initiated in a debtor's case. *See* FED. R. BANKR. P. 9014.

**2.** Lowe and Flynn are not listed as creditors in the Debtor's schedules and aver that they were unaware of the Debtor's bankruptcy filing at the time they filed the Knox County Circuit Court Lawsuit.

**3.** All subsequent documents referred to in this Memorandum were filed in the United States Bankruptcy Court for the Eastern District of Tennessee.

Order be modified or amended, allowing them to continue their medical malpractice lawsuit. Additionally, Lowe and Flynn argue that they should be relieved from the discharge injunction provided by 11 U.S.C.A. § 524(a)(2) since they are seeking permission from this court only to be allowed to continue the Knox County Circuit Court Lawsuit to judgment against the Debtor in order that they may then attempt to collect any judgment from the Debtor's professional liability insurance carrier. The Motion to Modify was called and heard in open court on December 12, 2002. The Debtor did not appear, and the court orally granted the Motion to Modify to allow Lowe and Flynn to proceed to judgment only in the Knox County Circuit Court Lawsuit as to any prepetition claims and instructed their attorney to submit an order.

On December 16, 2002, prior to entry of an order, the Debtor filed his Motion to Excuse. The court entered an Order on December 23, 2002, allowing the Debtor to file a response to the Motion to Modify, resetting the Motion to Modify on the court's docket, and placing the Motion to Excuse on the court's docket. The Debtor filed a Debtor's Response to the Motion to Modify or Amend the Order of Discharge and for Other Relief on December 30, 2002.

On January 9, 2003, the court heard both the Motion to Modify and the Motion to Excuse with respect to the issues of modification of the discharge injunction to allow Lowe and Flynn to prosecute their

state court action against the Debtor and allowing the Debtor relief to ensure that all prepetition claims of Lowe and Flynn were discharged. After the hearing, the court ruled that Lowe and Flynn would be allowed to proceed with the Knox County Circuit Court Lawsuit to judgment only for any prepetition claims against the Debtor, that collection of any judgment based upon prepetition claims must be collected solely from the Debtor's insurance carrier, and that the Debtor is not required to amend his petition to include Lowe and Flynn's medical malpractice claims. The court files this Memorandum to elaborate upon its ruling and to provide the parties with the law in support thereof.

## II

■ A Chapter 7 debtor obtains a general discharge of all debts arising prepetition. *See* 11 U.S.C.A. § 727 (West 1993).[4] Specifically,

> Except as provided in section 523 of this title, a discharge under subsection (a) of this section discharges the debtor from *all debts* that arose before the date of the order for relief under this chapter, and any liability on a claim that is determined under section 502 of this title as if such claim had arisen before the commencement of the case, whether or not a proof of claim based on any such debt or liability is filed under section 501 of this title, and whether or not a claim based on any such debt or liability is allowed under section 502 of this title.[5]

---

4. A party may object to a Chapter 7 debtor's general discharge pursuant to 11 U.S.C.A. § 727(a)(1) through (10) (West 1993) or may seek a determination as to the dischargeability of a specific debt pursuant to 11 U.S.C.A. § 523(a)(1) through (18) (West 1993 & Supp. 2002); however, the objecting party must file an adversary proceeding and obtain a court's denial of discharge or determination of non-

dischargeability. *See* 11 U.S.C.A. § 727(c)(1) and Fed. R. Bankr. P. 4004 and 7001(4) (for objections to discharge under § 727(a)); *see* 11 U.S.C.A. § 523(c) and Fed. R. Bankr. P. 4007 and 7001(6) (for determination of dischargeability of specific debts under § 523(a)).

5. Section 501 allows creditors to file proofs of claim. Section 502 deems all proofs of claim

11 U.S.C.A. § 727(b) (emphasis added). This accomplishes the Bankruptcy Code's primary goal of relieving the honest but unfortunate debtor of his indebtedness so that he may make a fresh start. *See In re Krohn,* 886 F.2d 123, 125 (6th Cir.1989) (citing *Local Loan Co. v. Hunt,* 292 U.S. 234, 54 S.Ct. 695, 699, 78 L.Ed. 1230 (1934)). "A discharge in bankruptcy does not extinguish the debt itself, but merely releases the debtor from personal liability for the debt." *Houston v. Edgeworth (In re Edgeworth),* 993 F.2d 51, 53 (5th Cir. 1993).

Section 727 allows a Chapter 7 debtor to obtain a discharge and so directs the court to enter an order granting discharge, but it does not govern the effect of a discharge. The effects of discharge, as pertinent to the actions currently before the court, are as follows:

> (a) A discharge in a case under this title—
>
> > (1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, . . . of this title, . . . [;]
> >
> > (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, . . . [;]

. . . .

> (e) Except as provided in subsection (a)(3) of this section, discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt.

11 U.S.C.A. § 524 (West 1993).

### III

■ In summary, unless a party in interest timely commenced an adversary proceeding objecting to the Debtor's discharge generally under § 727(a) or timely sought a determination of the dischargeability of a debt under § 523(c), all of the Debtor's prepetition debts, with exceptions noted in footnote 6, *infra,* including the claims arising from his alleged prepetition malpractice actions, were discharged on July 3, 2001. As no adversary proceedings were filed pursuant to any of these sections, and such actions would now be time-barred, the Debtor's prepetition debts, including Lowe and Flynn's prepetition claims, were, in fact, discharged pursuant to the Discharge Order.[6] Therefore, the Debtor's request to be allowed to obtain a discharge regarding these claims is moot— he has already been granted a discharge as to these claims pursuant to the Discharge Order entered on July 3, 2001.

Any action such as reopening the Debtor's bankruptcy case or amending his

---

filed pursuant to § 501 to be allowed unless objected to.

6. Complaints objecting to the discharge of a Chapter 7 debtor or for the determination of the dischargeability of a specific debt pursuant to § 523(c) must be filed "no later than 60 days after the first date set for the meeting of creditors under § 341(a)." *See* FED. R. BANKR P. 4004(a) (objections to a debtor's general discharge); FED. R. BANKR. P. 4007(c) (determination of dischargeability of a specific debt). Certain debts, including, among others, certain taxes, alimony and/or child support, fines, and student loans, are nondischargeable per se, pursuant to § 523(a), and there is no time limit for the filing of an adversary proceeding. *See* FED. R. BANKR. P. 4007(b). Lowe and Flynn's medical malpractice action would not fit within any of these categories. *But see* 11 U.S.C.A. § 523(a)(3) (West 1993) (under certain circumstances, § 523(a)(3) excepts a debt from discharge if it was not scheduled in time for a creditor to protect its rights, unless the creditor had notice or actual knowledge of the case).

schedules to include Lowe and Flynn's claims is not necessary and would have no effect on his discharge, the discharge injunction, or the Knox County Circuit Court Lawsuit. *See, e.g., Judd v. Wolfe,* 78 F.3d 110, 113 (3d Cir.1996) (holding that every pre-petition debt is discharged, subject to the provisions of § 523); *In re Cheely,* 280 B.R. 763, 766 (Bankr.M.D.Ga.2002) ("[A]llowing Debtor to reopen his case to add a previously unlisted creditor will have no effect on whether or not the discharge injunction applies to the [creditor's] claim .... "); *Keenom v. All Am. Mktg. (In re Keenom),* 231 B.R. 116, 125 (Bankr. M.D.Ga.1999) ("[S]ection 727 discharges all debts not excepted by section 523, ... this discharge is final when entered, and ... subsequent events, such as amending schedules ... do not change what debts were or were not discharged by that discharge .... "); *McMahon v. Harmon (In re Harmon),* 213 B.R. 805, 808 (Bankr. D.Md.1997) ("[U]nscheduled prepetition debts in a no-asset case, ... that do not arise out of fraud, false pretenses, false representation, defalcation while acting as a fiduciary, embezzlement, larceny, willful or malicious injury by the debtor, or in the course of divorce or separation not already listed in Section 523(a)(5), are discharged."); *In re Gardner,* 194 B.R. 576, 578 (Bankr.D.S.C.1996) ("[P]ursuant to the provisions of § 727(b), it appears that the debt to [the creditor], even if not scheduled, would be discharged and the reopening of the bankruptcy case at this time to add him as a creditor will have no effect."); *In re Mendiola,* 99 B.R. 864 (Bankr. N.D.Ill.1989) ("[R]eopening the case to amend schedules would not affect the rights or liabilities of anyone, but would only be an exercise in futility .... ").

## IV

With regards to the Motion to Modify filed by Lowe and Flynn, there are two issues that must be addressed. First, there is the procedural issue regarding their request to "modify" the Discharge Order. Second, there is the question of whether or not their proceeding to judgment against the Debtor in order to collect payment from his insurance carrier violates the discharge injunction of § 524(a)(2).

### A

■ Procedurally, a discharge order entered pursuant to § 727(a) cannot be modified, per se. Instead, § 727(d) provides that the only action a party may take once a discharge has been entered is revocation of discharge. *See* 11 U.S.C.A. § 727(d). Revocation is limited to actions in which the debtor (1) obtained his discharge through fraud unknown to the party requesting the revocation, (2) acquired or should have acquired property that he then "knowingly and fraudulently" failed to report or deliver to the bankruptcy trustee, and/or (3) refused to obey a court order or to testify. *See* 11 U.S.C.A. § 727(d)(1), (2), and (3). Any revocation action must be commenced within one year after the discharge is granted for all three enumerated reasons or before the later of one year after the discharge is granted and the date the case is closed if the action is based upon either the acquisition of property or the contempt of court grounds. *See* 11 U.S.C.A. § 727(e).

The Debtor's Discharge Order was entered on July 3, 2001. Pursuant to § 727(e), any action by Lowe and Flynn to revoke the Debtor's discharge must have been filed by July 3, 2002. The first filing in the bankruptcy court by Lowe and Flynn was their Motion for Relief from Automatic Stay on October 18, 2002. The Motion to Modify was filed on November 14, 2002. Clearly, neither of these motions were a request for revocation of the Debt-

or's discharge, but even if that had been the intention, both were filed beyond the one year anniversary of the Debtor's discharge.[7]

## B

■ Lowe and Flynn are within their right, however, to request that this court modify the § 524(a)(2) discharge injunction in order to proceed with the Knox County Circuit Court Lawsuit and attempt to obtain a judgment on their medical malpractice claims. The discharge injunction pertains to "pre-petition debt only with respect to the 'personal liability of the debtor.'" *In re Schultz,* 251 B.R. 823, 828 (Bankr.E.D.Tex.2000) (quoting 11 U.S.C. § 524(a)(2)). It does not, however, "preclude a determination of the debtor's liability on the basis of which indemnification would be owed by another party." *Id.* (quoting *In re Shondel,* 950 F.2d 1301, 1306 (7th Cir.1991)).

■ Accordingly, "[t]he 'fresh-start' policy [contemplated by Chapter 7 of the Bankruptcy Code was] not intended to provide a method by which an insurer can escape its obligations based simply on the financial misfortunes of the insured." *Owaski v. Jet Fla. Sys., Inc. (In re Jet Fla. Sys., Inc.),* 883 F.2d 970, 975 (11th Cir. 1989); *see also Edgeworth,* 993 F.2d at 54; *In re Farley,* 194 B.R. 553, 555 (Bankr. S.D.N.Y.1996). "[T]he discharge of a chapter 7 debtor does not eradicate liability of third parties such as, for example, contractually responsible insurance companies.... [Instead, the] discharge injunction ... is intended for the benefit of the debtor; it is not meant to affect the liability of third parties or to prevent establish-

ing such liability through whatever means required." *Simpson v. Rodgers (In re Rodgers),* 266 B.R. 834, 836 (Bankr. W.D.Tenn.2001).

■ Pursuant to § 524(e), a plaintiff may "proceed against a discharged debtor solely to recover from the debtor's insurer" and not violate the § 524(a)(2) discharge injunction. *Green v. Welsh,* 956 F.2d 30, 35 (2d Cir.1992). *See also First Fidelity Bank v. McAteer,* 985 F.2d 114, 118 (3d Cir.1993) ("[Section 524] assures creditors that the discharge of a debtor will not preclude them from collecting the full amount of a debt from co-debtors or other liable parties."); *In re Doar,* 234 B.R. 203, 206 (Bankr.N.D.Ga.1999) ("[Section 524] does not prohibit [a creditor] from pursuing their personal injury [or other] claim against [a debtor's insurance company] and retaining the Debtor as a nominal defendant in the state court action for the purposes of establishing the Debtor's liability in order to recover from ... the Debtor's liability insurer.").

This is especially true in cases such as Lowe and Flynn's medical malpractice action pending in the Knox County Circuit Court. In a case also concerning a medical malpractice claim against a debtor, the Fifth Circuit Court of Appeals noted that

[i]n the liability insurance context, of course, a tort plaintiff must first establish the liability of the debtor before the insurer becomes contractually obligated to make any payment. The question, then, is whether section 524(a) acts to bar such liability-fixing suits even if a plaintiff has agreed to foreswear recovery from the debtor personally and to look only to the policy proceeds.

---

7. Discharge revocation actions are adversary proceedings commenced by the filing of a complaint. *See* FED. R. BANKR. P. 7007-1(4). Furthermore, pursuant to Rule 9024 of the Federal Rules of Bankruptcy Procedure,

"Rule 60 F.R. Civ. P. applies in cases under the [Bankruptcy] Code except that ... a complaint to revoke a discharge in a chapter 7 liquidation case may be filed only within the time allowed by § 727(e) of the Code[.]"

*Edgeworth,* 993 F.2d at 53–54 (footnote omitted). The court then answered that question in the negative, holding that "it makes no sense to allow an insurer to escape coverage for injuries caused by its insured merely because the insured receives a bankruptcy discharge." *Id.* at 54. Allowing "[s]uch a result would be fundamentally wrong." *Id.* (quoting *In re Lembke,* 93 B.R. 701, 703 (Bankr.D.N.D. 1988)).

This court agrees with the Fifth Circuit's observation. There is no harm in allowing Lowe and Flynn to proceed to judgment against the Debtor in the Knox County Circuit Court Lawsuit as long as they do not attempt to collect any judgment obtained from the Debtor based upon any of the Debtor's prepetition acts. Counsel for Lowe and Flynn acknowledged, in court, that they wished to be awarded a judgment against the Debtor in name only, and that they then intended to collect any judgment award from the Debtor's medical malpractice insurance carrier. If Lowe and Flynn were not allowed to proceed in order to collect any subsequent judgment awarded from the insurance carrier, the insurance carrier would, in essence, receive a windfall because the Debtor sought bankruptcy protection. This court agrees that § 524(e) was intended to prevent such an action from occurring.

## V

In summary, the court will grant the Motion to Modify to the extent that Lowe and Flynn may proceed with the Knox County Circuit Court Lawsuit to judgment against the Debtor, in name only, with the intention of attempting to collect any judgment based upon prepetition actions of the Debtor solely from the Debtor's malpractice insurance carrier. The Motion to Excuse will be denied as moot as it relates to the Debtor taking any additional steps to ensure that all prepetition debts and claims based upon prepetition actions of the Debtor were discharged pursuant to the Discharge Order entered by this court on July 3, 2001.