**In re Larry D. MORRIS, Debtor(s).**

**No. 08–12647.**

United States Bankruptcy Court,
W.D. Tennessee,
Eastern Division.

June 7, 2010.

Ronald E. Darby, Camden, TN, for Debtor.

Jesse H. Ford, III, Jackson, TN, trustee.

**MEMORANDUM OPINION RE: "Motion to Lift Stay to Allow for Pursuit of State Court Personal Injury Claim Solely for the Purpose of Recovering from Debtor's Insurer" filed by Tina Benham**

The Court conducted a hearing on Tina Benham's Motion to Lift Stay on March 17, 2010. FED. R. BANKR.P. 9014. The Court has reviewed the testimony from the hearing and the record as a whole. This memorandum opinion shall serve as the Court's findings of facts and conclusions of law. FED. R. BANKR.P. 7052.

### Findings of Fact

The debtor in this case, Larry D. Morris, ("Morris"), filed for Chapter 7 bankruptcy protection on July 23, 2008. Morris listed Tina Benham, ("Benham"), on schedule F of his petition as an unsecured creditor with a claim of $10,000. The Court issued a "Notice of Commencement of Case" on July 23, 2008, which stated that Morris's case appeared to be a no-asset one and, as such, there was no need for unsecured creditors to file a proof of claim. The notice also stated that objections to discharge were due by October 20, 2008. The Court sent a copy of this notice to Benham on July 26, 2008.

Morris's 11 U.S.C. § 341 meeting of creditors was conducted on April 18, 2008. The following day, the chapter 7 trustee filed a report of no assets. The case progressed with no objections to discharge or motions for relief from stay being filed. The Court issued Morris a chapter 7 discharge on October 21, 2008. The Court issued a final decree and closed Morris's case on October 30, 2008.

Benham's pre-petition claim against Morris arose out of a personal injury Benham allegedly sustained at Morris's home on April 17, 2008. Shortly thereafter, Benham retained the services of an attorney, Scott G. Kirk. Kirk sent a letter to Morris on June 23, 2008, informing him of Benham's injuries. On April 9, 2009, Benham filed a negligence-based personal injury lawsuit against Morris in the Circuit Court for Henry County.

Following service of Benham's state court action, Morris filed a motion to dismiss Benham's complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief could be granted. Morris also alleged that Benham's claim

had been discharged in his chapter 7 case. In response to Morris's discharge argument, Benham alleged that she was not enjoined by 11 U.S.C. § 524 from commencing or continuing an action against Morris so long as the purpose of such action was to obtain satisfaction of her claim from entities other than the debtor, namely Morris's insurance carrier.

On November 9, 2009, the Henry County Circuit Court took Morris's motion to dismiss under advisement. In issuing its order, the court directed Benham to seek relief from Morris's discharge injunction in this Court. The circuit court then ruled that it would hold the matter in abeyance pending a decision by this Court.

On January 28, 2010, Benham filed a motion to reopen Morris's case and/or for issuance of an order authorizing pursuit of the state court action. In the motion, Benham asked the Court to lift the stay "only to the extent of insurance coverage available to the Debtor for the injuries sustained by Ms. Benham." Benham's motion further provided that she was not seeking any recovery from Morris personally.

On Morris's behalf, Tennessee Farmer's Mutual Insurance Company, ("Tennessee Farmer's"), filed a response to Benham's motion in which it asserted that Benham had failed to preserve her right to bring the state law action because she did not file a proof of claim or otherwise petition the bankruptcy court for permission to litigate the state court action prior to Morris's discharge. Tennessee Farmer's further contended that 11 U.S.C. § 524 prohibited Benham from pursuing the state court action. The Court granted Benham's motion on February 2, 2010, but only to the extent the motion sought the reopening of Morris's case.

Benham filed a motion to lift the automatic stay to pursue the state court action on February 24, 2010. Again, Benham's motion sought relief from the stay "only to the extent of insurance coverage available to the Debtor for the injuries sustained by Ms. Benham." Tennessee Farmer's, on Morris's behalf, filed a response to the motion in which it incorporated its response to Benham's motion to reopen.

### Conclusions of Law

■ "The principal purpose of the Bankruptcy Code is to grant a 'fresh start' to the 'honest but unfortunate debtor.'" *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 367, 127 S.Ct. 1105, 1107, 166 L.Ed.2d 956– (2007) (citing *Grogan v. Garner*, 498 U.S. 279, 286, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991)). Chapter 7 of the Bankruptcy Code attempts to provide this fresh start by "allow[ing] discharge in exchange for liquidation of the debtor's assets for the benefit of his creditors." *In re Krohn*, 886 F.2d 123, 125 (6th Cir.1989). Section 727(b) of the Code states that:

> (b) Except as provided in section 523 of this title, a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter. . . .

11 U.S.C. § 727(b).

■ Although § 727(b) defines the scope of a debtor's discharge, it is § 524 of the Code which governs the effect of the discharge. *Houston v. Edgeworth (In re Edgeworth)*, 993 F.2d 51, 52 (5th Cir.1993). Section 524(a)(2), otherwise known as the "discharge injunction," provides:

> (a) A discharge in a case under this title—
>
> . . .
>
> (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset

any such debt as a *personal liability* of the debtor, whether or not discharge of such debt is waived. . . .

11 U.S.C. § 524(a)(2) (emphasis added). "A discharge in bankruptcy does not extinguish the debt itself, but merely releases the debtor from personal liability for the debt." *In re Castle*, 289 B.R. 882, 886 (Bankr.E.D.Tenn.2003). Pursuant to § 524(a)(2), "any creditor holding a discharged prepetition claim may not attempt to hold the debtor personally liable for that claim." *In re Patterson*, 297 B.R. 110, 112 (Bankr.E.D.Tenn.2003).

 Although § 524(a) provides that a debtor is no longer personally liable to a creditor, § 524(e) of the Code provides that the discharge "does not affect the liability of any other entity on, or the property of any other entity for, such debt." 11 U.S.C. § 524(e). Simply put, § 524(e) "does not eradicate liability of third parties such as, for example, contractually responsible insurance companies." *Simpson v. Rodgers (In re Rodgers)*, 266 B.R. 834, 836 (Bankr.W.D.Tenn.2001); *Edgeworth*, 993 F.2d at 53; *Owaski v. Jet Fla. Sys., Inc. (In re Jet Fla. Sys., Inc.)*, 883 F.2d 970, 976 (11th Cir.1989). Additionally, a debtor's chapter 7 discharge does not extinguish a personal injury action. *Rodgers*, 266 B.R. at 836; *In re Gibson*, 172 B.R. 47, 49 (Bankr.W.D.Ark. 1994). Rather, it simply renders "collection of debtor's personal liability for the debt [from the debtor] . . . unenforceable." *Id.; Castle*, 289 B.R. at 888.

 Despite the fact that § 524(a)(2) prohibits a creditor from attempting to hold a debtor personally liable for a prepetition debt, it does not " 'preclude a determination of the debtor's liability on the basis of which indemnification would be owed by another party.' " *Castle*, 289 B.R. at 888 (citing *In re Schultz*, 251 B.R. 823, 828 (Bankr.E.D.Tex.2000)). As a result, "a

creditor does not violate the discharge injunction by proceeding in a lawsuit against a debtor in order to determine liability for the purposes of collecting from a third party. . . ." *Patterson*, 297 B.R. at 113. "The 'fresh-start' policy [contemplated by Chapter 7 of the Bankruptcy Code was] not intended to provide a method by which an insurer can escape its obligations based simply on the financial misfortunes of the insured." *Jet Fla. Sys., Inc.*, 883 F.2d at 975; *Rodgers*, 266 B.R. at 836.

> Thus, it is permissible to commence or continue prosecution against a debtor as a nominal defendant if such action is necessary to prove liability as a prerequisite to recovery, for example, from the liability insurer. . . . It is emphasized, however, that no collection action may be taken against the debtor.

*Rodgers*, 266 B.R. at 836. Allowing parties to proceed in this manner protects the debtor from any personal liability in accordance with the discharge injunction of § 524(a)(2) and imposes on an insurance company "no exposure greater than what it had agreed to in the insurance contract with the debtor." *In re Christian*, 180 B.R. 548, 550 (Bankr.E.D.Mo.1995).

 Although allowing a creditor to proceed against a discharged debtor as a nominal defendant will impose a burden on the debtor by requiring him to attend depositions and a trial, "this is not a burden alleviated by § 524 when the purpose of the suit is to establish [a debtor's] nominal liability in order to collect from his insurance policy." *Edgeworth*, 993 F.2d at 54. And, a "chapter 7 debtor, whether discharged or not, is under the same obligations as any other witness despite the inconvenience of attending and testifying at [a] trial." *Rodgers*, 266 B.R. at 837. "Thus, as long as the costs of defense are borne by the insurer and there is no execution on judgment against the debtor per-

sonally, section 524(a) will not bar a suit against the discharged debtor as the nominal defendant." *Edgeworth*, 993 F.2d at 54.[1]

In the case at bar, Benham is seeking to "proceed against Debtor in name only, and enforce any judgment she may receive against the Debtor's insurer." Clearly under § 524(e), Benham's state court lawsuit does not violate the § 524(a)(2) discharge injunction. Benham is not seeking to hold Morris personally liable. She is only proceeding against him as a nominal defendant in order to prove that the insurance company is liable for the alleged injury. The § 727 discharge did not erase the insurance company's liability. It only discharged Morris's personal liability for his alleged negligence.

In responding to Benham's motion, Tennessee Farmer's, on Morris's behalf, alleged that Benham waived her right to pursue her personal injury action in state court because she (1) failed to seek relief from the automatic stay in order to pursue Morris as a nominal defendant; (2) failed to file a complaint objecting to the dischargeability of the debt prior to Morris's discharge; and (3) failed to file a proof of claim in Morris's case. The Court will address each of these arguments in turn.

■ Filing a bankruptcy petition triggers the automatic stay provisions under 11 U.S.C. § 362(a)(1) through (8), which prohibit creditors from attempting to collect most debts from the debtor or the debtor's property. The protections of the automatic stay continue throughout the pendency of a debtor's chapter 7 case until such time as the chapter 7 discharge is issued. 11 U.S.C. § 362(c)(2)(C). At that time, § 362's automatic stay ceases to exist and is replaced by § 524(a)'s permanent discharge injunction. 11 U.S.C. § 524(a); *Rodgers*, 266 B.R. at 836. In this case, Morris's discharge was issued on October 21, 2008, at which time the automatic stay terminated. Benham did not file her state court lawsuit until April 9, 2009, over five months after Morris's discharge. Quite simply, there was no stay to seek relief from at the time the lawsuit was filed. Additionally, as the Court has already discussed, Benham's action was not enjoined by the discharge injunction of § 524.

■ Tennessee Farmer's has also alleged that Benham waived her right to bring the state court lawsuit because she failed to file a complaint objecting to dischargeability under § 523 of the Code. Section 523 contains 19 exceptions to a debtor's general discharge and states that "[a] discharge under 727 ... of this title does not discharge an *individual debtor* from any debt" listed in subsections (a)(1)-(19). 11 U.S.C. § 523(a) (emphasis added). In the case at bar, Benham is not alleging that Morris has any personal liability for the alleged injury. Nor is she alleging that Morris owes her a debt that was excepted from his discharge. She is instead proceeding against Morris in name only as a way to perhaps recover from the insurance company. There simply was no need for her to file a dischargeability complaint against Morris.

■ Lastly, Tennessee Farmer's has alleged that Benham waived her right to bring the state court action because she failed to file a claim in Morris's case. Ordinarily, an unsecured creditor must file a proof of claim in order for that claim to be allowed. Fed. R. Bankr.P. 3002(a); however, in a no-asset chapter 7 case, unsecured creditors are not required to file claims unless and until such time as the court notifies them that assets have be-

---

1. If a question regarding the sufficiency of insurance coverage arises or if the debtor were required to pay the costs of his defense, the continuation of a lawsuit against the debtor might be prohibited. *Edgeworth*, 993 F.2d at 54.

come available for distribution. Fed. R. Bankr.P.2002(e) and 3002(c)(5). "The sole purpose of a proof of claim is to allow the creditor to assert a right to participate in the distribution of assets." *Deutsch–Sokol v. Northside Savings Bank (In re Deutsch–Sokol)*, 290 B.R. 27, 31 (S.D.N.Y. 2003). Even if filing a proof of claim had been necessary in this case, filing would have only preserved Benham's "claim against the *debtor*." *Chapman v. Bituminous Ins. Co. (In re Coho Resources, Inc.)*, 345 F.3d 338, 342 (5th Cir.2003). Failing to file a claim "does not affect [a creditor's] claims against non-debtors . . . ." *Id.*; *Edgeworth*, 993 F.2d at 55; *Green v. Welsh*, 956 F.2d 30, 34 (2nd Cir.1992); *Jet Fla. Sys.*, 883 F.2d at 972. In the case at bar, Benham is not attempting to assert a claim against the debtor in her state court action; she is only seeking to assert a claim against Morris's insurance carrier.

In support of its response to Benham's motion, Tennessee Farmer's argued that the unpublished Sixth Circuit case of *Moor v. Madison County Sheriff's Dep't*, 30 Fed. Appx. 417, 2002 WL 243403 (6th Cir.2002), prohibits Benham from proceeding nominally against the debtor. In *Moor*, the Sixth Circuit held that a creditor who "took no steps in either the bankruptcy or district courts to set aside or terminate the automatic stay or otherwise obtain an exception to the discharge . . . failed to preserve their rights against the debtor" and could not, as a result, proceed against the debtor, even as a nominal defendant. *Id.*, 2002 WL 243403 at * 2. The Sixth Circuit did not engage in any analysis of § 524(e) in making its decision. Instead, it simply stated that its conclusion was controlled by its earlier holding in *Citibank v. White Motor Corp. (In re White Motor Credit)*, 761 F.2d 270 (6th Cir.1985).

*White Motor* was a large chapter 11 proceeding in which creditors filed approximately 160 unliquidated products liability personal injury cases against the debtor. 761 F.2d at 270. The primary issues in *White Motor* were the permissive and mandatory abstention doctrines "in light of congressional enactment of the Bankruptcy Amendments and Federal Judgeship Act of 1984." *Id.* However, in sifting through the abstention issues, the Sixth Circuit held that "[a]ll pre-petition claims and post-petition claims against [the debtor] which have not been filed with the Bankruptcy Court are barred by the statute and the orders of the lower courts." *Id.* at 275. The lower court orders the *White Motor* court was referring to were the district court orders interpreting the debtor's chapter 11 plan.[2] *Id.*

The debtor in *White Motor* was a chapter 11 debtor attempting to reorganize its affairs. Chapter 11 is fundamentally different from chapter 7. As such, the Court concludes that its holding does not apply in a chapter 7 setting. *In re Smith*, 334 B.R. 233 (Bankr.W.D.Ky.2005). Additionally, several courts have disagreed with the conclusion reached by the Sixth Circuit in *White Motor* including the Second, Fifth, Seventh and Eleventh Circuit Courts of Appeal. *Edgeworth*; 993 F.2d at 54; *Hendrix v. Page (In re Hendrix)*, 986 F.2d 195, 197 (7th Cir.1993); *Green*, 956 F.2d at 34; *Jet Fla. Sys.*, 883 F.2d at 973. In rejecting the Sixth Circuit's conclusion, the Second Circuit stated "that the outcome mandated by *White Motor Credit* is supported by neither the text nor the intent of § 524." *Green*, 956 F.2d at 34. The Eleventh Circuit agreed. *Jet Fla. Sys.*, 883 F.2d at 974 ("*White Motor* provided no commentary regarding the statutory lan-

2. Although the *White Motor* court found that the lower court orders barred prosecution of the non-filed claims, the court stated that they were "unable to determine precisely what the District Court orders" said. *Id.*

guage of section 524, nor did it offer any rationale of any kind for its holding.").

As discussed supra, the clear majority of cases in both the Sixth Circuit and elsewhere have found that § 524(e) allows a creditor to proceed against the debtor as a nominal defendant in order to pursue recovery from a third party. *Rodgers,* 266 B.R. at 836; *Patterson,* 297 B.R. at 113. The Court agrees with the holdings in those cases and hereby adopts their reasoning as its own. The Court also finds that, at least in the chapter 7 setting, a creditor's failure to file a claim or seek relief from the stay does not impact the right to pursue recovery from a third party. Lastly, for the reasons recognized by the Second Circuit in *Green* and the Eleventh Circuit in *Jet Florida Systems,* the Court rejects the decisions reached by the Sixth Circuit in *White Motor* and *Moor.* An order will be entered in accordance herewith.

### *ORDER*

It is therefore **ORDERED** that Tina Benham's "Motion to Lift Stay to Allow for Pursuit of State Court Personal Injury Claim Solely for the Purpose of Recovering from Debtor's Insurer" is **MOOT.**

Tina Benham is **HEREBY AUTHORIZED** to bring suit against Larry D. Morris as a **NOMINAL DEFENDANT ONLY** in pursuit of obtaining recovery from Tennessee Farmer's Mutual Insurance Company. Tina Benham is not authorized to pursue any type of personal liability or to collect any judgment from Larry D. Morris.

Upon entry of this order, the Bankruptcy Court Clerk is directed to re-close the case.

**IT IS SO ORDERED.**